HUTCHINS v. BANK.

(Filed March 26, 1901.)

BANKS AND BANKING—*National Banks—Guaranty—Ultra Vires.*

A contract of guaranty by a national bank can not be avoided on the ground of *ultra vires.*

ACTION by J. W. Hutchins against The Planters National Bank of Richmond, heard by Judge *W. B. Council,* at January Term, 1901, of DURHAM County Superior Court. From a judgment sustaining demurrer of defendant, the plaintiff appealed.

*Boone, Bryant & Biggs,* for the plaintiff.
*Manning & Foushee,* for the defendant.

CLARK, J. The defendant demurred on the ground that "being a National Bank, it had no power under the National Banking Act creating it to guaranty the debt sued upon."

The Judge sustained the demurrer and dismissed the action. The plaintiff's appeal presents only the correctness of that ruling for review.

The allegation in the complaint, which is admitted by the demurrer, is that the defendant, by letter, agreed that a draft drawn by plaintiff, not to exceed $300, upon Chalkley & Co. for hides to be shipped them by plaintiff should be paid, and

that in consideration of that guarantee the plaintiff shipped the hides to Chalkley & Co., but "defendant failed and refused to pay the draft as it had contracted and agreed to do, and the same was protested for non-payment," etc.

The National Banking Act contains no prohibition against such banks guaranteeing paper, but it is contended that the terms of the statute do not authorize a National bank to make a contract of guarantee. In *Peoples Bank v. National Bank,* 101 U. S., 181, 183, it is said "A guaranty is a less onerous and stringent contract than that created by endorsement. We see no reason to doubt that, under the circumstances of this case, it was competent for the defendant to give the guaranty here in question. It is to be presumed that the vice-president had rightfully the power he assumed to exercise, and the defendant is estopped to deny it. Where one of two innocent parties must suffer by the wrongful act of a third, he who gave the power to do the wrong must bear the burden of the consequences."

In *Railroad v. McCarthy,* 96 U. S., 258, 267, it is said, "The doctrine of *ultra vires,* when invoked for or against a corporation, should not be allowed to prevail where it would defeat the ends of justice or work a legal wrong," citing several cases. And in *Board of Agriculture v. R. R.,* 47 Ind., 407, "Although there may be a defect of power in the corporation to make a contract, yet, if a contract made by it is not in violation of its charter, or of any statute prohibiting it, and the corporation has, by its promise, induced a party relying on the promise, and in execution of the contract, to expend money and perform his part thereof, the corporation is liable on the contract." In *R. R. v. Trans. Co.,* 83 Pa. St., 160, "Where a corporation has entered into a contract which has been fully executed on the other part and nothing remains for it to do but to pay the consideration promised, it will not

be allowed to set up the plea of *ultra vires.*" To same purport 5 Thomp. Corp., sec. 6024, and cases there cited.

"Even if a contract is *ultra vires,* yet if it is not illegal the defendant is estopped from setting up that defence, as it would be fraud on the plaintiff to allow this to be done, he having entered into the transaction relying upon said contract." *Bushnell v. Bank,* 17 N. Y., 378; *Whitney Arms Co. v. Barlow,* 63 N. Y., 62; Waterman Corp., 604, and indeed the authorities and the text-writers seem fairly uniform to this purport. The case strongly relied on to the contrary is *Bowen v. Bank,* 94 Fed. Rep., 925, but there the learned Judge stresses the fact that in that case the plaintiff (unlike the present) "had notice that there were no funds in the bank to meet the checks and that he knew that the contract was one of guaranty pure and simple." It may be doubted if the latter case could be sustained on review, but it is very different from this.

Here if it be conceded that the guaranty was *ultra vires* it was not expressly prohibited nor illegal, the plaintiff acted on it and relying on it he parted with his property and shipped the hides. The defendant is estopped on both reason and precedent to aver that it was not empowered to give the guarantee. It does not lie in the defendant's mouth to say that it had no authority to do what it did, after the plaintiff has shipped his hides relying upon the defendant's promise that the draft should be paid.

In the preface of 4th Ed. of Cook on Corporations, it is well said: "The doctrine of *ultra vires* is disappearing. The old theory that a corporate act beyond the express and implicit corporate powers was illegal and not enforceable, no matter whether actual injury had been done or not, has given way to the practical view that the parties to a contract which

has been wholly or partially executed will not be allowed to say it was *ultra vires* of the corporation."

The judgment sustaining the demurrer is
Reversed.