UNION INDEMNITY COMPANY v. HENRY D. PERRY.

(Filed 12 February, 1930.)

**1. Principal and Surety B b—Question of whether additional work was done under original contract covered by bond held for jury.**

Where a contract with a city provides for the construction of certain water and sewer improvements, and the contract further provides for the construction of additional similar work if ordered by the city council, all in accordance with plans and specifications attached, and the contractor gives bond with express reference to the contract with provision that the rate of premium for the indemnity expressly provided for in the bond would apply to the extra or additional work if subsequently ordered by the city : *Held,* upon further similar work being done under the same specifications, etc., by order of the city council, the question of whether such work was done under the original contract is for the jury, the surety being liable on the bond for the additional work · if done under the original contract and being entitled to recover from the contractor the additional premium therefor.

INDEMNITY COMPANY *v.* PERRY.

**2. Corporations G b; Municipal Corporations F a—Where contract with corporation has been completed, plea of ultra vires is not available to it in action for consideration.**

Where a contract with a corporation has been fully performed by both parties and nothing remains to be done but the payment of the consideration by the corporation, the plea of *ultra vires* is not available to the corporation; and where a contractor for the construction of certain municipal improvements has given a surety bond to insure his faithful performance, etc., and has completed the work under the contract, he may not, in an action by the surety to recover the premium due on the surety bond, set up the plea that the contract with the city was void for failure to comply with C. S., 2830, with regard to the advertisement for bids.

CLARKSON, J., dissents. .

CIVIL ACTION, before *Clement, J.,* at April Term, 1929, of GUILFORD.

In the summer of 1925 the governing authorities of the city of High Point desired to do certain sewer and water connections and street work in said city. Advertisement for bids was made and plans and specifications prepared and submitted. The defendant Perry was a successful bidder for the work, and on 24 July, 1925, he entered into a contract with the city of High Point. The portion of the contract pertinent to this controversy is as follows: "That the contractor will furnish all materials and labor necessary and construct the proposed water and sewer extension in the northern part of the city and any other similar work which may be ordered by the city council, all in accordance with plans and specifications hereto attached and made a part hereof, at and for the rates and prices respectively set out in the contractor's proposal," etc. The estimated amount of the proposed work was $57,948.50. The defendant applied to the agents of the plaintiff to furnish a surety bond, guaranteeing the faithful performance of said contract. The application for the bond recited that the amount of the contract was $57,948.50, but contained this further provision: "Should the contract exceed the said amount, the undersigned agrees to pay to the company as additional premium for such excess, a further sum calculated at the same rate per thousand; such additional premium to be chargeable as above from the date of the award of said additional work." The rate referred to is $1.50 per thousand. Thereupon, the plaintiff executed and delivered a bond to the city of High Point in the sum of $16,487.10. The penalty of this bond seems to have been the proper amount based upon an estimated contract of $57,948.50, and the defendant paid the required premium of $869.22. Thereafter, in accordance with the terms of said contract and bond the defendant began work in the northern part of the city known as Mechanicsville, and this particular work was finished about the last of December, 1925, or the first of January, 1926. Later on the defendant put in sewer and water lines on Jones Street,

Rotary Street, and various other parts of the city. This work done in other parts of the city was the same kind of work that had been done by Mr. Perry at Mechanicsville and was done at the same unit price, and according to the same specifications.

The engineer of the city testified without objection: "I was informed by the city manager that after the Mechanicsville job was finished, the city council would order that certain other streets have sewer and water lines installed on them." The total amount of work done by the defendant was $219,763.88, or work in excess of the original contract estimate of $161,815.41.

Upon these facts the plaintiff contended that the defendant owed an additional premium of 1½% on the excess work, aggregating $2,427.23. The defendant contended that the bond for $16,487.10 was all the bond that the city required, and that therefore he was not liable for an additional premium covering the additional work. He also pleaded C. S., sec. 2830.

At the conclusion of the evidence defendant moved for judgment of nonsuit. The motion was allowed and the action dismissed.

From the foregoing judgment plaintiff appealed.

*Manly, Hendren & Womble for plaintiff.*
*King, Sapp & King for defendant.*

BROGDEN, J. The bond executed by the defendant referred specifically to the contract between the defendant and the city of High Point, and the contract "for construction of water and sewer improvements in High Point, North Carolina," was expressly made a part of said bond. The obligation of the bond was to the effect that if the defendant principal should faithfully perform said contract according to the terms and conditions thereof, then the obligation would be void, or otherwise remain in full force and effect. The contract provided not only for the "proposed water and sewer connections in the northern part of the city," but also "for any other similar work which may be ordered by the city council, all in accordance with plans and specifications hereto attached and made a part hereof," etc.

Upon this state of facts two questions arise:

(1) Was the extra work done under the original contract between the parties?

(2) Was the awarding of extra work an *ultra vires* act and forbidden by C. S., 2830?

If the additional work was done under the terms of the original contract, then the plaintiff surety undertook to guarantee the faithful performance of said contract. Hence, if the contractor had defaulted in the performance of the additional work, the surety would have been

liable for such default. It necessarily follows that, if the surety was liable for such default, it was entitled to receive from the defendant an additional premium as specified in the contract between the plaintiff and the defendant. However, the defendant offered evidence tending to show that the additional work was done under a separate and distinct contract with the city of High Point. Therefore, an issue of fact was raised, and such question must be submitted to a jury.

The second proposition of law involves the construction of C. S., 2830. It appears from the evidence that proper advertisement was made for bids, and there is no evidence that the contract was divided for the purpose of evading C. S., 2830. But even if it be conceded that the contract between the defendant and the city of High Point was *ultra vires,* the defendant is not in a position, upon the facts, to take advantage of such plea, because the contract was fully performed by both parties thereto. This Court said in *Hutchins v. Bank,* 128 N. C., 72, 38 S. E., 252, that "where a corporation has entered into a contract which has been fully executed on the other part and nothing remains for it to do but to pay the consideration promised, it will not be allowed to set up the plea of *ultra vires.*" This principle is settled law in this jurisdiction. *Trustees v. Realty Co.,* 134 N. C., 41, 46 S. E., 723; *McCracken v. R. R.,* 168 N. C., 62, 84 S. E., 30; *Sherrill v. Trust Co.,* 176 N. C., 591, 97 S. E., 471; *Bank v. Odom,* 188 N. C., 672, 125 S. E., 394; *Commissioners of Brunswick v. Bank,* 196 N. C., 198, 145 S. E., 227. There is an exhaustive note on *ultra vires* in L. R. A., 1917 A, p. 749, *et seq.* Moreover, the corporation is not making such plea. Furthermore, it has been held by this Court "that the doctrine of *ultra vires* has been very much modified in recent years, and many contracts made in the course of business, especially when executed and benefits are received or liabilities are incurred, will be upheld and enforced which were formerly declared absolutely void." *Victor v. Mills,* 148 N. C., 107, 61 S. E., 648.

Reversed.

CLARKSON, J., dissents.