JOHN C. ARBOGAST AND WIFE, IDA M. ARBOGAST, v. CORPORATION
COMMISSION OF NORTH CAROLINA AS LIQUIDATING AGENT OF THE
CENTRAL BANK AND TRUST COMPANY OF ASHEVILLE, ET AL.

(Filed 20 May, 1931.)

**Estoppel C b—Bank retaining benefits held estopped to deny authority
of president to make contract, and liquidating agent was bound
thereby.**

A bank having knowingly received and retained before its insolvency
the adequate consideration of a contract made by its president in its
behalf, is estopped to deny the authority of the president to bind it
thereto, and where the contract obligates the bank to return certain notes
upon which the plaintiff is either maker or endorser, and the considera-
tion remains a part of the assets of the bank in the hands of the Corpora-
tion Commission or its successor, the Corporation Commission or its suc-
cessor is also estopped to deny the terms of the contract and are bound
thereby, and must return the notes in accordance therewith.

APPEAL by defendants from *McElroy, J.,* at April Term, 1931, of
BUNCOMBE. Affirmed.

On and prior to 21 April, 1930, the Central Bank and Trust Company
of Asheville, N. C., owned certain notes and bonds, on which the plain-
tiff, John C. Arbogast, was liable as maker or endorser. All these notes
were past due. Some of the said notes were secured by deeds of trust
on lands executed by the plaintiffs; others were secured by collaterals,
and others were unsecured. The aggregate amount of said notes was
$127,573.59.

It was agreed by and between Wallace B. Davis, president of the
Central Bank and Trust Company, acting for and in behalf of said
company and the plaintiff, John C. Arbogast, that the deeds of trust on
the lands should be foreclosed, and that the Central Bank and Trust
Company should acquire title to all the lands described therein, and
that all of said notes, together with collateral held by the said company,
should be delivered to the plaintiff, John C. Arbogast. The fair market
value of said lands, at the date of this agreement, was $150,000.

Pursuant to said agreement, the said deeds of trust were foreclosed by
sale under the powers of sale contained therein. The lands described in
said deeds of trust have been conveyed to a corporation organized for
the purpose of taking title thereto. This corporation holds the title to
said lands in trust for the Central Bank and Trust Company. The
notes and bonds held by the said Central Bank and Trust Company on
which the plaintiff, John C. Arbogast was liable, have not been delivered
to him, in accordance with the agreement.

On 19 November, 1930, the Central Bank and Trust Company, because of its insolvency, closed its doors and ceased to do business. Its affairs are now in the possession of the Corporation Commission of North Carolina, or its successor, the Commissioner of Banks, for the purpose of liquidation as provided by statute. The said Corporation Commission and its successor, the Commissioner of Banks, have refused to deliver the said notes and bonds, with collateral securing the same, all of which came into their possession as assets of the Central Bank and Trust Company, to the plaintiffs.

On the foregoing facts, it was ordered and adjudged that the defendants deliver to the plaintiffs all the notes and bonds, with collateral securing the same, described in the exhibit attached to the complaint, and that plaintiffs recover of the defendants the costs of the action.

From this judgment defendants appealed to the Supreme Court.

*Anderson & Howell for plaintiffs.*
*Johnson, Smathers & Rollins for defendants.*

PER CURIAM. By the contract made in its behalf by its president, Wallace B. Davis, with the plaintiff, John C. Arbogast, the Central Bank and Trust Company of Asheville, N. C., acquired property of the value of $150,000. The said company acquired said property, and retained the same with full knowledge of the agreement of its president that the notes and bonds held by it, aggregating in amount the sum of $127,573.59, with collateral securing the same, should be delivered by it to the plaintiffs.

The Central Bank and Trust Company, having ratified the contract, prior to its insolvency, was estopped from contending that its president was without authority to make the contract with the plaintiff on its behalf. The said company was bound by all the terms of the contract. See *Union Indemnity Company v. Perry,* 198 N. C., 286, 151 S. E., 629. The defendants are likewise bound by all of said terms, and are estopped from contending to the contrary. The judgment is

Affirmed.