S. P. GILL and others *v.* N. V. DENTON and another.

Where the defendant was induced to purchase certain real property by
the representations of the plaintiff, at the time deputy sheriff, that
there were no liens on the same, when at the same time the deputy
sheriff had in his hands an execution binding the property, or it was
in the hands of the sheriff, within the knowledge of the deputy, who
purchased the same when sold under that execution: *Held,* that the
deputy sheriff was estopped from setting up the title obtained under
the execution sale, to the prejudice of the defendant, and that he will
be compelled to convey to the defendant the title so obtained.

(*Wicker* v. *Worthy,* 6 Jones, 500; *Mason* v. *Williams,* 66 N. C. Rep. 564,
cited and approved.)

CIVIL ACTION for partition of certain real estate situate in
Raleigh, N. C., heard before his Honor *Judge Tourgee,* at the
Special (January) Term, 1874, of the Superior Court of WAKE
county.

On the trial below, the sole question was as to the ownership
of one-fifth interest of the lands sought to be divided.   Upon
hearing the complaint and answer, his Honor being of opinion

with the plaintiffs, gave judgment accordingly. Defendant Denton appealed.

The facts are fully stated in the opinion of the Court.

*Busbee & Busbee* and *Fowle*, for appellant.
*Battle & Son*, contra.

RODMAN, J. This is a proceeding for the partition of a lot or piece of land in Raleigh. The only question presented is, as to the ownership of an undivided fifth part thereof which it is admitted belonged to Rufus W. Smith under whom both parties claim title.

The plaintiff purchased on 5th April, 1869, at a sale under execution in favor of one Vaughan to the use of Plaintiff, against said Rufus. The execution was levied prior to August Term, 1867, of Wake Superior Court, and was docketed 28th July, 1868.

The defendant purchased *bona fide*, and for value, from said Rufus on 31st October, 1868.

So that in the absence of any equitable circumstances, the purchase by plaintiff would overreach that by defendant and have priority over it.

The equitable circumstances relied on by the defendant to convert the plaintiff into a trustee for him as to this one-fifth, or to estop the plaintiff from setting up his superior legal title as against the defendant Denton, are these. They are thus set forth in the answer of Denton, and admitted by the plaintiff's demurrer thereto.

On or about 31st August, 1868, Denton went to the office of the Clerks of the Superior and County Courts, and Sheriff of said county for the purpose of inquiring if there were any liens upon the said estate of said R. W. Smith, by reason of any judgments against him, or otherwise. That the defendant (Denton) found one or more judgments and executions against said R. W. Smith, which were satisfied and discharged prior to the execution of said deed (to him.) That said Gill (the

plaintiff) examined the records and the defendant was informed by the said Clerk, and was also specifically informed by said plaintiff at that time a deputy sheriff in and for said county, * * * that there were no judgments, executions or other liens whatever against the said R. W. Smith other than those which had been satisfied. Whereas at the time the execution upon which the plaintiff relies, to-wit, *Uriah Vaughan* (use of said Gill) vs. *R. W. Smith* and *Eldridge Smith* was in the hands of said plaintiff as deputy sheriff, or in the hands of the sheriff with the knowledge of said Gill. That the defendant acting upon these representations, purchased the land from R. W. Smith, and without notice, &c. Afterwards, and before the said sale under execution, defendant was informed by Gill, that there was a balance of about $25 due upon an execution in the hands of the sheriff against Smith ; that the debt was the property of Gill, who knew that defendant had purchased the lands, from R. W. Smith; and told defendant that he would use the execution only to secure the sum due on it, and that defendant might, at some time when he would examine the matter, pay what was due, which defendant agreed to do. And that Gill promised to indulge the execution until a settlement of the matter would be had. Notwithstanding the above agreement, Gill fraudulently had the land under the said execution, sold and purchased the same himself for $5. That after such purchase Gill, told defendant 'thereof, but assured him he had only purchased to secure the sum due on the execution. That defendant has tendered, and is now willing to pay said sum which Gill refuses to receive, claiming the estate of R. W. Smith (one-fifth) under his said purchase.

The case of *Pasley* v. *Freeman*, 3 T. R. 51, and Smith's L. C., is familiar. There the plaintiff asked information of defendant concerning the pecuniary safety of one Falch, and defendant intending to injure plaintiff, told him Falch was safe when he well knew he was not. In consequence of that information plaintiff gave credit to Falch, who never paid.

The plaintiff was held entitled to damages, although the de-

fendant was under no duty to answer, and gained nothing by doing it.

In *Wicker* v. *Worthy*, 6 Jones 500, this Court applied the principle of that case to a sheriff who by his conduct had induced the plaintiff to believe that there was no lien upon land which the plaintiff bought, when the sheriff had in his hands an execution against the vendor of the land under which the land was afterwards sold and purchased by a third person. The plaintiff was held entitled to recover.

That case cannot be distinguished from the present except in the fact that here the sheriff who made the misrepresentation, afterwards bought the land. But that difference does not affect the right of the plaintiff, but only his remedy. In Wicker's case he could only recover the damages he had sustained in being obliged to pay $400 in buying up the title of the purchaser at execution sale. Here the Court can give substantially the same relief by compelling the defendant to convey the land which he purchased. That the purchaser under the execution is estopped to set up his title, and may be compelled to convey it to the plaintiff, we think is adjudicated in *Williams* v. *Mason*, 66 N. C. 564, as well as by the above cited case of *Wicker* v. *Worthy*.

PER CURIAM.    Demurrer overruled.    Judgment below reversed and case remanded to be proceeded in, &c.