H. F. BRANDON v. COMMISSIONERS OF CASWELL COUNTY.

The Judge of a Superior Court has no power to make to the Clerk of one of the Courts in his District an allowance for extra services.

This was an ORDER on the defendants in favor of the plaintiff, made by *Tourgee, J.*, at Fall Term, 1873, of CASWELL Superior Court, in the following words, to wit:

" SUPERIOR COURT, } Fall Term, 1873.
    Caswell County. }

It is ordered that the Commissioners of Caswell county allow and pay to Henry F. Brandon, Clerk of said Court, fifty dollars for his services in attending upon said Court at Spring and Fall Terms, 1873.

(Signed)                        A. W. TOURGEE,
                    Judge Seventh District, Presiding."

Plaintiff gave the Commissioners notice that he would move his Honor for an order compelling them to obey the above order, on the 22d day of November, at which time the Judge granted a rule against the defendants commanding them to appear, &c., and show cause why they should not be attached for contempt, &c.

The Commissioners appeared and filed an answer, in which they disavowed any intentional disrespect to his Honor's order, and contended that the presiding Judge had no authority to make the order presented to them by the plaintiff.

Upon the hearing his Honor made the rule absolute, from which judgment the Commissioners appealed.

No counsel for appellants in this Court.
*Battle & Son*, contra.

READE, J. The statutes prescribes that the clerks of Courts, sheriffs and other officers shall receive certain specified fees for

services, and that they shall receive " no extra allowance or other compensation whatsoever, unless the same shall be expressly required by some statute." C. C. P., sec. 555 ; Bat. Rev., chap. 105.

The language is broad, but still it may have been intended to apply to the *services specified* and not to *extra services* for which no fees are specified. And this is made the more probable by reference to the statutes and the practice under the former system. Our former statute, Rev. Code, ch. 102, prescribed the fees which officers should receive, " and no other." And yet the County Courts were in the habit of making to the clerks and sheriffs *extra* allowances for *extra* services. But this was understood to be a matter of county police, regulated by the County Courts, and was never exercised by the Superior Courts as incident to their powers.

So that it would seem that if our statutes do not now forbid any extra allowance, yet if any allowance be made it cannot be by a Judge of the Superior Court, but must be by the Board of County Commissioners, which, in matters of county police, take the place of the old County Courts.

Our conclusion is, that his Honor had no power to make the order of extra allowance to the plaintiff, or any of the subsequent orders against the defendants to pay the same, and that they are not in contempt for refusing to obey.

There is error. This will be certified to the end that the orders may be vacated and the defendants go without day.

PER CURIAM.                          Ordered accordingly.