J. M. YOUNG v. THE COMMISSIONERS OF BUNCOMBE.

*County — Liability for Board of Jury — for Pay of Witnesses.*

1. A County is not liable for the board of a jury in a capital case during the pendency of the trial.

2. A witness in a criminal action has no claim upon the County, until the liability of the County for the costs is passed upon by the Court.

(*Brandon* v. *Com'rs of Caswell,* 71 N. C. 62, cited and approved.)

CIVIL ACTION, commenced before a Justice of the Peace in BUNCOMBE COUNTY and taken by appeal to the Superior Court, heard at Chambers on the 23rd of January, 1877, before *Henry, J.*

1. During a trial for a capital felony at Spring Term, 1876, of said Court the plaintiff furnished the jury with board for six days. The defendant in the case was acquitted and the plaintiff brought this action to recover $117 the amount of his bill.

2. The plaintiff also alleged that he was entitled to an additional amount of $6.30 for attendance as a witness in a criminal action removed from said County to Henderson County. The defendant in this case was convicted and being insolvent the Clerk at Henderson certified the bill of costs to Buncombe and the defendants refused to pay.

His Honor dismissed the action and the plaintiff appealed.

*Messrs. W. H. Malone* and *M. E. Carter*, for plaintiff.
*Mr. J. H. Merrimon*, for defendants.

READE, J. 1. The pay of jurors is whatever the County Commissioners shall allow not exceeding one dollar and fifty cents per day. Bat. Rev. ch. 105 § 23.

The presiding Judge has no power to increase that allowance in any given case. And we suppose that when His Honor directed the Sheriff to furnish the jury with "board and lodging" during the trial he only meant what is usual, to allow the jury to have refreshments during the trial to be procured of course at their own expense. And as the jurors could not separate to procure refreshments the officer was directed to wait upon them. *Brandon* v. *Com'rs of Caswell*, 71 N. C. 62.

2. The witness ticket which the plaintiff obtained from the Clerk for his attendance as a witness was merely evidence that he had attended as a witness, but it furnished no evidence as to how he was to be paid. That was to be passed upon and had not been passed upon by the Judge. Until that is done the Commissioners of Buncombe are not liable.

No error.

PER CURIAM.                                    Judgment affirmed.