BANK v. BANK.

(Filed May 23, 1905.)

1. Where the president of a corporation, who held a deed of trust on its real estate, executed for full value a deed for the property as president of said corporation with a covenant that the same was free from all incumbrances, and thereafter the grantee corporation, of which he was a director, obtained a loan, secured by a deed of trust, with his knowledge and consent, under which latter deed of trust the property was sold and the purchaser held the possession, received the rents and claimed ownership for more than 7 years with his knowledge and without the assertion of any lien on his part, *held*, that he is estopped from asserting any lien against the property.

2. Where one knowingly suffers another in his presence to purchase property in which he has a claim or title which he wilfully conceals, he will be deemed under such circumstances to have waived his claim and will not afterwards be allowed to assert it against the purchaser.

3. A ruling made by a referee and confirmed by the judge will not be disturbed on appeal where no exception thereto appears in the record.

ACTION by Battery Park Bank and others against Western Carolina Bank, heard by *Judge Thos. J. Shaw,* at the

December Term, 1904, of the Superior Court of BUNCOMBE County, upon petition of Merrick and Hewitt for the cancellation of a deed of trust in favor of J. M. Campbell, at the expense of the receiver. From the judgment rendered, both Campbell and the receiver appealed.

The Battery Park Bank filed its creditor's bill against the Western Carolina Bank and the assets of the defendant bank were placed in the hands of a receiver, and as part of the assets there came into his hands a certain parcel of real estate in the city of Asheville, known as the "Asheville Tobacco Works and Cigarrette Factory." This property had formerly belonged to the Asheville Tobacco Works, which company conveyed it to George S. Powell in trust to secure a debt of $1,000 due John M. Campbell.

The property was also mortgaged to the defendant bank after it had been conveyed to the Asheville Tobacco Works and Cigarette Co. This mortgage was foreclosed by a sale under the power contained in it, and the defendant bank became the purchaser. The receiver, W. W. Jones, sold the property to Merrick & Hewitt, who, after their purchase, discovered that the deed in trust in favor of Campbell had not been marked satisfied upon the registry of the County of Buncombe, and thereupon filed their petition in this creditor's bill, setting forth the facts, and praying the court to require that the said deed of trust be cancelled at the expense of the receiver. The receiver answered setting forth that the alleged debt to Campbell had been paid off and discharged; that Campbell was estopped to assert said claim as a lien or incumbrance on the property; that the title of the bank was protected by the Statute of Limitations and adverse occupation; and further that the bank had a debt of $700 or $800 which was a valid offset to be applied in reduction of the amount due Campbell, should his claim be established.

On motion, and in pursuance of an order duly made, summons was issued and served on Campbell, the claimant, and

Powell, the trustee, and Campbell came into court and answered, denying that his claim had been paid, denying there was any estoppel, and averring that he had a right to enforce its collection by sale under his deed of trust.

The receiver replied in substance as alleged in his original answer, and the cause having been duly constituted, all matters in issue were referred to M. W. Brown who heard the evidence and made report finding the facts and declaring his conclusions of law as follows:

### Conclusions of Law.

1. That the bond secured by the deed of trust from the Asheville Tobacco Works to George S. Powell, trustee, has not been paid.

2. That the amount of the above judgment in favor of The Western Carolina Bank and against J. M. Campbell should be credited on said bond as a set off and counter-claim.

3. That the bond secured by the deed of trust is barred by the Statute of Limitations.

4. That the prayer of the respondent, Campbell, for affirmative relief is in the nature of an action to enforce the power of sale contained in the deed of trust, and not having been sought within ten years after the power of sale became absolute, is barred by the Statute of Limitations.

At May Term, 1904, before *Judge Long*, the report was in all things confirmed. At December Term, 1904, before *Judge Shaw*, a decree was signed declaring in substance that the right of Campbell to foreclose the deed of trust by decree of court was barred by the Statute of Limitations; that Campbell, by coming into court and demanding that the same be foreclosed had waived his right to proceed by action of the trustee out of court; that the deed of trust be cancelled of record; that the title of the bank was free and clear from any lien or incumbrance; that the purchaser pay the balance

of the purchase money, and on receipt of the same that the receiver make title, etc.

Both the receiver and the claimant, Campbell, excepted to the judgment of *Judge Shaw* and appealed.

### APPEAL OF J. M. CAMPBELL, CLAIMANT.

*Merrimon & Merrimon, F. W. Thomas* and *Thos. Settle* for the claimant.

*Charles E. Jones* for the Receiver.

HOKE, J., after stating the facts: The court is of opinion that J. M. Campbell, the claimant, is estopped from asserting any lien or incumbrance against the property sold by the receiver to Merrick and Hewitt, and known as the "Asheville Cigarette Factory," and, on the admissions in the pleadings and the facts found by the referee, the deed of trust should be cancelled of record and the judgment below affirmed.

It appears that the property was owned by the Asheville Tobacco Works, and on May 20, 1891, this corporation executed the deed of trust in question to George S. Powell, trustee, to secure a debt of $1,000 in favor of J. M. Campbell, —Campbell being at the time secretary and treasurer of the tobacco works; that on March 23, 1892, the tobacco works for valuable consideration conveyed this property, with all its other property, to a new corporation, the Asheville Cigarette Company; that the deed was executed for the tobacco works by the claimant, Campbell, who had then become its president, and contained full covenants of warranty, and also a covenant that the same was free from any and all incumbrances; that on February 10, 1893, the Cigarette Company made a deed of trust for the property in question to L. P. McLeod, as trustee, to secure a debt due to the defendant bank; that the deed was made with the knowledge and consent of the claimant, Campbell, who was then a di-

rector in this company; that on March 5, 1895, McLeod sold the property under the deed and the same was bought by the bank and title made. From that time to the sale by the receiver in December, 1902, the referee finds that the bank has paid the taxes on the property, and has been in the actual continuous and notorious possession of the same, receiving the rents and profits, claiming and using the same as absolute owner under a deed in fee simple and with the knowledge of Campbell and the trustee, Powell.

In the opinion of the court, these facts present every element of an equitable estoppel against the assertion of any lien or incumbrance on the property in favor of the claimant, Campbell. He conveys the title to the Cigarette Company, for full value, by deed containing a covenant that the same is free from any and all incumbrances. True, this was a conveyance by the corporation and therefore is not an estoppel by deed against Campbell as an individual. But he signed the deed for the company as its president, and to that extent he was an actor in the matter, and this covenant that the property is free from incumbrances amounts to a representation by him that this is true. Again, when a director of the Cigarette Company, he knowingly permits the defendant bank to advance money and take a lien on the property evidently to its full value, presumably greater, as the bank was compelled to buy in the property on its debt. And after the bank purchased and took the title, it continued to occupy and claim the same as owner under its deed for more than seven years and until the same was sold by the receiver in December, 1902; and during this entire time there was no assertion of any lien on the part of Campbell, nor any mention of it, so far as the evidence discloses. True, the occupation and conduct after the purchase are not evidence on the estoppel, but these facts are very strong testimony confirming the view taken by the court that Campbell throughout dealt with the property as if he had no lien upon it, and that he

---

BANK *v.* BANK.

---

permitted and induced others to advance and invest their money in and upon it, believing and having every right to believe that the same was free from incumbrances. Under the circumstances of this case, he should not be heard now to set up such claim to their prejudice.

It is familiar learning that "where one knowingly suffers another in his presence to purchase property in which he has a claim or title, which he wilfully conceals, he will be deemed under such circumstances to have waived his claim, and will not afterwards be permitted to assert it against a purchaser." Numerous decisions of our own court uphold and apply this doctrine. *Gill v. Denton,* 71 N. C., 341; *Morris v. Herndon,* 113 N. C., 236; *Shattuck v. Cauley,* 119 N. C., 295; *Bassett v. Noseworthy,* II White & Tudor, par. 1, p. 29, 30.

The decision below is affirmed on the ground that the claimant is estopped from asserting any lien or incumbrance on the property, and that the same should be cancelled of record as a cloud on the title.

It seems that the defendant bank had a claim against Campbell to the amount of $700 or $800, and the referee declared, as one of his conclusions of law, that the debt was a valid offset against the claim of Campbell, and should be applied in reduction of such claim. Without expressing any opinion as to the correctness of this ruling, it will suffice to say that the same was made by the referee and confirmed by the judge, and no exception appears in the record which gives this court the right to disturb it. The effect therefore is that this debt of the bank against the claimant, Campbell, is extinguished and must be so considered. Judgment below

Affirmed.

### APPEAL BY RECEIVER.

HOKE, J. The court is unable to perceive how the rights of the receiver were in any way prejudiced by the judgment appealed from, and such judgment is therefore

Affirmed.