EASTERN BANKING AND TRUST COMPANY, AND E. L. MATTOCKS AND B. L. MATTOCKS, TRADING AS MAYSVILLE SUPPLY COMPANY, v. R. H. COLLINS, E. H. COLLINS AND MIRIAM C. COLLINS.

(Filed 12 October, 1927.)

**Estoppel—Conduct—Equity—Evidence—Nonsuit—Husband and Wife.**

Where the title to farming lands was in the mother who lived thereon with her husband and son, the son having the management of the farm, and the latter two have induced a mercantile firm with which they had been dealing for a long period of time, to become an accommodation indorser on the son's note to a bank, with the father also an indorser thereon: *Held*, in order for the mercantile firm to estop the mother in equity from claiming title to the land and denying liability, it is necessary for the mercantile company to show such further acts or conduct on the part of the mother as would make it unconscionable for her to now assert her title, and there being no sufficient evidence thereof, under the facts of this case, her motion as of nonsuit in the bank's action upon the note should have been sustained.

APPEAL by defendants from *Sinclair, J.,* at April Term, 1927, of ONSLOW. No error as to R. H. Collins and E. H. Collins. Judgment against Miriam C. Collins reversed.

This action was begun on 19, July, 1924, to recover judgment against defendants, R. H. Collins and E. H. Collins, on note for $1,520, due 3 October, 1923, and payable to plaintiff, Eastern Banking and Trust Company. The note was executed by R. H. Collins as maker, and was indorsed by defendant, E. H. Collins, and by plaintiffs, E. L. Mattocks and B. L. Mattocks, trading as Maysville Supply Company.

Plaintiffs further pray judgment that defendant, Miriam C. Collins, be estopped from asserting title to certain lands described in the complaint, situate in Onslow County, as against plaintiffs with respect to

the judgment herein demanded against her codefendants, when same has been duly docketed.

From judgment on the verdict defendants appealed to the Supreme Court, assigning as error, chiefly, the refusal of their motion, made at the close of the evidence, for judgment as of nonsuit upon plaintiffs' cause of action against Miriam C. Collins.

*I. M. Bailey, John D. Warlick and Varser, Lawrence, Proctor & McIntyre for plaintiffs.*
*Ward & Ward for defendants.*

CONNOR, J. On 3 October, 1922, defendant, R. H. Collins, executed his note for $1,520, payable to plaintiff, Eastern Banking and Trust Company. This note was indorsed by his father, defendant E. H. Collins, and also by plaintiffs, E. L. Mattocks and B. L. Mattocks, trading as Maysville Supply Company. The note became due, according to its tenor, on 3 October, 1923. No payment has been made thereon. Defendants concede that both R. H. Collins and E. H. Collins are liable to plaintiff, Eastern Banking and Trust Company, on the note for the full amount thereof, with interest from maturity. Neither of the defendants assigns error in the judgment rendered on the verdict that plaintiffs recover of R. H. Collins and E. H. Collins, by reason of their liability on the note, the sum of $1,843.00, with interest on $1,520.00 at six per cent from 18 April, 1927. No exception appears in the record to the order made at July Term, 1926, making E. L. Mattocks and B. L. Mattocks, trading as Maysville Supply Company, parties plaintiff. Although liable to their coplaintiff as indorsers on the note, they were not made defendants at the time the action was begun. The judgment in favor of the plaintiffs and against the defendants, R. H. Collins and E. H. Collins, is affirmed.

The note upon which plaintiffs have recovered judgment against R. H. Collins and E. H. Collins is the last of a series of notes given in renewal, from time to time, of a note dated 4 February, 1920, to Eastern Banking and Trust Company. The original note was executed by R. H. Collins as maker, and was indorsed by E. L. Mattocks and B. L. Mattocks, trading as Maysville Supply Company, prior to its delivery to the payee. There is a controversy as to whether or not this note was also indorsed by E. L. Collins. His name appears on the back of the note. He denies that he wrote or authorized any one else to write his name thereon. He admits, however, that he indorsed each of the renewal notes, including the last note upon which the judgment, herein affirmed, has been rendered.

The defendant, Miriam C. Collins, is the wife of E. H. Collins and the mother of R. H. Collins, who at the date of the original note, was a minor. She is, and was at and prior to the date on which said note was indorsed by Maysville Supply Company, and on which the loan was made to R. H. Collins by Eastern Banking and Trust Company, the owner of certain lands described in the complaint, situate in Onslow County. She holds title to part of said lands under a deed to her from John C. Bell and wife, dated 8 December, 1897, recorded in the office of the register of deeds of Onslow County, in Book 64, at page 198; to part under deed to her from John C. Bell and wife, dated 23 September, 1910, recorded in the office of the register of deeds of Onslow County, in Book 105, at page 575, and to part under the will of John C. Bell, probated on 24 January, 1913, and recorded in the office of the clerk of the Superior Court of Onslow County, in Book of Wills No. 105, at page 52. Both the said deeds and the said will were promptly and properly recorded prior to the transactions alleged in the complaint, with respect to the indorsement of the note of R. H. Collins on 4 February, 1920, by Maysville Supply Company, and the loan of money to R. H. Collins by Eastern Banking and Trust Company.

At and prior to the date of these transactions defendants, E. H. Collins and Miriam C. Collins, as husband and wife, and defendant, R. H. Collins, their son, then a minor, lived together as a family on the lands owned by said Miriam C. Collins; during said time plaintiff, Maysville Supply Company, was engaged in a general mercantile business in the town of Maysville, Jones County, N. C., and plaintiff, Eastern Banking and Trust Company, was engaged in the banking business in said town. Defendants had many business transactions with both plaintiffs, involving the extension of credit by each of them to defendant, E. H. Collins.

Plaintiffs allege that during frequent conversations and transactions had with them by both E. H. Collins and Miriam C. Collins, the said Miriam C. Collins and the said E. H. Collins stated, in reference to the lands on which they and their son resided, that same was the property of E. H. Collins, and that he was conducting the farming operations on said land; that relying upon these statements made to them by both Miriam C. Collins and E. H. Collins, plaintiffs understood and believed, at the time the note of R. H. Collins, indorsed by E. H. Collins, was also indorsed by Maysville Supply Company and accepted by Eastern Banking and Trust Company, for a loan to R. H. Collins, that said lands were the property of E. H. Collins, and that all the defendants knew that plaintiffs had such understanding and belief, with reference to the title to said lands, and were acting upon the same in the indorse-

ment of said note and in the acceptance of same for a loan to R. H. Collins. Defendants deny that they or either of them at any time made any representations to plaintiffs, or to either of them with respect to the title to the lands owned by Miriam C. Collins.

Plaintiffs rely upon the decision of this Court in *Shattuck v. Cauley,* 119 N. C., 292, as authority for their right to maintain this action and to recover judgment therein, as prayed, against the defendant, Miriam C. Collins.

The principles of law, which were applied to the facts in that case as found by the jury from the evidence offered at the trial, and upon which the judgment was affirmed, are well settled. They were stated and applied by *Rodman, J.,* in *Mason v. Williams,* 66 N. C., 564, and by *Shepherd, C. J.,* in *Morris v. Herndon,* 113 N. C., 236. Both these cases are cited with approval in *Bank v. Bank,* 138 N. C., 467. In his opinion in the last case *Hoke, J.,* says: "It is familiar learning that where one knowingly suffers another in his presence to purchase property in which he has a claim or title, which he wilfully conceals, he will be deemed under such circumstances to have waived his claim, and will not afterwards be permitted to assert it against the purchaser."

The principles upon which the doctrine of equitable estoppel is founded have been more frequently applied where the title to property, real or personal, has passed immediately, by sale or conveyance; they are likewise applicable, at least ordinarily, where credit has been extended upon the well-founded belief of the creditor that his debtor is the owner of specific property, subject to sale under execution on a judgment against him, which in truth and in fact is owned at the time by another, who prior to the extension of credit has represented to the creditor that the debtor is the owner of the property. In such case, where all the essential elements of an equitable estoppel are found to exist, it may well be held that the true owner is estopped from asserting his title as against the creditor who has reduced his debt to judgment. We need not discuss or decide upon this record whether or not a married woman, since the Martin Act (C. S., 2507) is subject to the doctrine of equitable estoppel with respect to her land, for manifestly, unless there is evidence from which the jury may find that she made the representations alleged as ground for an estoppel, the principles of the doctrine can have no application to her.

The only evidence offered at the trial of this case relied upon by plaintiffs as tending to show representations by Mrs. Collins to plaintiffs or either of them, with respect to the title to her lands, prior to the indorsement of the note of R. H. Collins, or to the loan to him of money thereon, is the testimony of plaintiff, E. L. Mattocks.

TRUST CO. *v.* COLLINS.

His testimony was to the effect that Mr. and Mrs. Collins had traded in the store of Maysville Supply Company for about twenty years, during which time they had resided on the lands described in the complaint, and conveyed or devised to her by John C. Bell; that sometimes they paid cash for merchandise purchased by them, and sometimes had same charged to E. H. Collins; that E. H. Collins conducted the farming operations on said lands; that in conversations with witness, sometimes in the presence of Mrs. Collins, Mr. Collins referred to said land as "our land," or as "our home place," and that Mrs. Collins made no protest to these references by her husband to her land; that she sometimes referred to her land as "our land" and "our home place." The witness further testified that E. H. Collins, in the presence of Mrs. Collins, asked if he would indorse the note of his son, R. H. Collins, who, he said, was going to get married and wanted to build a house on "our land"; that in consequence of this request he indorsed the note when same was presented to him by R. H. Collins, bearing the indorsement of E. H. Collins. There is no evidence that Mrs. Collins requested the plaintiff, Maysville Supply Company, to indorse her son's note, or that she requested its coplaintiff to make a loan to her son.

This evidence falls far short of showing conduct or representations, express or implied, on the part of Mrs. Collins upon which a jury might find that she is estopped from asserting title to lands owned by her under deeds and will, duly recorded. Defendant's assignment of error, based upon their exception to the refusal of the court, at the close of the evidence, to dismiss the action as to defendant, Miriam C. Collins, as upon nonsuit, is sustained.

There is evidence tending to show that the money loaned to R. H. Collins by Eastern Banking and Trust Company, upon the note indorsed by the Maysville Supply Company, was expended by him in the erection of a house on his mother's land. It is not contended by plaintiffs that they or either of them have a lien upon said land under the statute. C. S., 2434. Such contention could certainly not be sustained. The house was built in 1920; this action was begun in 1924.

The judgment as to R. H. Collins and E. H. Collins is affirmed. In their appeal we find

No error.

There is error in refusing to allow defendants' motion for judgment as of nonsuit as to Miriam C. Collins. The judgment as to her is

Reversed.