### W. M. NISSEN v. MAE H. BAKER ET AL.

(Filed 5 March, 1930.)

1. **Trusts A c—Where one pays consideration for land an equitable trust is therein created for his benefit.**

   Where one pays the consideration for a tract of land conveyed to another there is a trust created in favor of the one so paying the consideration, who may enforce his equity upon proper proof not only against the holder of the legal title but against all persons other than purchasers for value without notice, unless he is estopped by his conduct or representations from setting up his claim.

2. **Estoppel C a—Representation that legal title was absolute would estop owner of equity from asserting his title against one relying thereon.**

   The equitable owner of lands under a trust created by payment of the consideration for the lands would be estopped by his acts and representations, made to a creditor of the holder of the legal title, that the legal title was absolute, from asserting his equity against such creditor when the creditor has acted upon the representations to the prejudice of his rights.

3. **Estoppel C e—Evidence of misrepresentations by claimant of equitable title held insufficient to be submitted to the jury.**

   Where a creditor of a holder of the legal title to lands under a registered deed contends that he was induced to lend credit to such holder by misrepresentations of the owner of the equitable title that the legal title was absolute, and the only evidence of such misrepresentations on the part of the equitable owner was that the holder of the legal title was

his secretary and agent and had represented that he held the absolute title, but that at the time he made the representations he was acting for himself and not the equitable owner: *Held*, evidence of misrepresentations by the owner of the equity was insufficient to be submitted to the jury and motion as of nonsuit on the issue of estoppel should have been granted.

4. **Appeal and Error J g—Where nonsuit should have been granted alleged error in trial need not be considered on appeal.**

Where on appeal error is found in the trial court's refusal to grant a motion as of nonsuit upon an issue, the Supreme Court may reverse the judgment without discussing assigned errors of law relating to the trial of the issue.

APPEAL by plaintiff from *Sink, Special Judge,* at May Special Term, 1929, of MECKLENBURG. Reversed.

This action was begun by the plaintiff on 29 October, 1927, against the defendants, the heirs at law, the widow, and the administrator of John R. Baker, deceased, for judgment that the said heirs at law hold the legal title to certain lots or parcels of land situate in Mecklenburg County, North Carolina, and described in the complaint, as trustees for the plaintiff, that said widow and said administrator have no right, title or interest in or to said lots or parcels of land, and that said defendants convey the said lots or parcels of land to the plaintiff.

It is alleged in the complaint and there was evidence tending to show that on 12 January, 1927, certain lots or parcels of land situate in Mecklenburg County, North Carolina, being the same lots or parcels of land as those described in the complaint, were conveyed to John R. Baker by a deed which was subsequently registered in said county on 14 February, 1927; that the consideration for said conveyance was furnished by the plaintiff, W. M. Nissen, and that no part of said consideration was furnished by the said John R. Baker; that the said John R. Baker by said deed took the legal title to said lots or parcels of land as trustee for the plaintiff, and that he held such title as trustee for the plaintiff at the date of his death in August, 1927. The only defendants in this action at the time it was begun were the heirs at law, the widow, and the administrator of John R. Baker, deceased. They filed answers denying any knowledge or information sufficient to form a belief as to the truth of the material allegations of the complaint. They offered no evidence at the trial in contradiction of the evidence offered by the plaintiff pertinent to the issues determinative of the right of plaintiff to recover judgment against them, as prayed for in the original complaint.

On 20 April, 1928, upon its motion, supported by affidavits and other evidence, the Carolina Beach Corporation, a creditor of John R. Baker,

deceased, was made a party defendant in this action, and was allowed time to file an answer to the complaint.

By its answer, duly filed thereafter, the said Carolina Beach Corporation denied all the material allegations of the complaint on which plaintiff prayed for judgment against the original defendants. It further alleged that at the time it extended credit to the said John R. Baker in the transaction with him out of which its claim against the estate of the said John R. Baker, deceased, arose, the said John R. Baker, as the general agent of the plaintiff, W. M. Nissen, and with his full knowledge and approval, represented to the said Carolina Beach Corporation that he, the said John R. Baker, was the owner of the lots or parcels of land described in the complaint, being the same lots or parcels of land as those conveyed to the said John R. Baker by the deed then on record in Mecklenburg County; that said representation was made by the said John R. Baker for the express purpose of inducing the Carolina Beach Corporation to release the plaintiff in this action from liability to the said Carolina Beach Corporation growing out of a transaction with respect to real estate which it had had with the said John R. Baker, as agent of the plaintiff; and that the said Carolina Beach Corporation relying upon said representation, released the plaintiff from liability to it, and agreed to accept the said John R. Baker alone as its debtor in said transaction.

The defendant, Carolina Beach Corporation, specifically alleged in its answer that "the plaintiff by his said acts, conduct, representations, and inducements is now estopped as to the Carolina Beach Corporation to deny that the said Baker was the owner and that the said Baker's heirs are now the owners of the property described in the complaint, and that plaintiff is further estopped to deny that the Carolina Beach Corporation is entitled to have the property described in the complaint sold and its claims against the estate of the said Baker paid from the proceeds thereof."

Plaintiff in his reply to the answer of the Carolina Beach Corporation, denied all allegations therein of acts, conduct, representations or inducements by him, upon which said defendant alleged that plaintiff is estopped as to the Carolina Beach Corporation from maintaining this action.

Plaintiff thereafter, by leave of court, filed an amended complaint in which he alleged that subsequent to the filing of his original complaint in this action, certain of the lots or parcels of land conveyed to John R. Baker by the deed dated 12 January, 1927, had been sold under valid deeds of trust, executed and registered prior to the conveyance of said lots or parcels of land to the said John R. Baker, and that plaintiff as the purchaser at said sales, is now the owner of said lots or parcels of

land, holding title thereto under deeds executed to him by the trustees in said deeds of trust.

Plaintiff further alleged in his amended complaint that prior to the commencement of this action, and before any controversy as to his ownership of the equitable title to said lots or parcels of land had arisen, he paid certain notes secured by deeds of trust on certain of said lots or parcels of land conveyed to John R. Baker, as trustee for him, and that such payments were made by him because he had assumed the said notes as the equitable owner of said lots or parcels of land, when the same were conveyed to the said John R. Baker, as trustee for him; he alleges that in any event, he is entitled to a first lien on said lots or parcels of land for the amounts paid by him on said notes.

The issues determinative of the right of the plaintiff to recover of the defendants, the heirs at law, the widow and the administrator of John R. Baker, deceased, in this action, were answered as follows:

"(1) Did the plaintiff furnish the consideration for the conveyance to John R. Baker of the property described in the complaint? Answer: Yes.

(2) Did John R. Baker hold the legal title to the property described in the complaint as trustee for the plaintiff? Answer: Yes."

From judgment in accordance with the answers to these issues there was no appeal.

The issues determinative of the right of the defendant, Carolina Beach Corporation, to the relief prayed for in its answer against the plaintiff, were answered as follows:

"(3) If so, is the plaintiff estopped from claiming title to said property against the Carolina Beach Corporation as alleged in the answer of the Carolina Beach Corporation? Answer: Yes.

(4) In what amount, if any, is the estate of John R. Baker indebted to the Carolina Beach Corporation? Answer: $8,583.33.

(5) Did the plaintiff purchase at foreclosure sales, under deeds of trust duly recorded prior to the time the deed to John R. Baker was filed for record, the lands described in the trustee's deeds referred to in the amended complaint? Answer: Yes."

Other issues submitted to the jury, involving amounts paid by plaintiff in total or partial discharge of liens on certain of the lots or parcels of land conveyed to John R. Baker and existing at the date of said conveyance, were answered by consent. These amounts were all paid by plaintiff prior to the commencement of this action, and in recognition of his liability for said amounts, by reason of the assumption of the indebtedness secured by deeds of trust on said lots or parcels of land, by John R. Baker, as trustee for plaintiff, when the same were conveyed to him.

In accordance with the answers to the third and fourth issues, it was ordered, considered and adjudged by the court that "W. M. Nissen is estopped as against the Carolina Beach Corporation to assert any title or claim of title or right to the lands described in the complaint and amended complaint in this cause, unless and until he pays to the Carolina Beach Corporation the sum of $8,583.33."

It was further ordered, adjudged and decreed that the lands described in the complaint be sold by a commissioner appointed for that purpose, and that the proceeds of said sale be applied, first, to the payment of the expenses of said sale, and second, to the payment of the claim of the Carolina Beach Corporation in the sum of $8,583.33; and that the balance of such proceeds, if any, be paid to the plaintiff, W. M. Nissen.

There was no adjudication of the rights of plaintiff, if any, upon the affirmative answer to the fifth issue, nor upon the answers to the remaining issues fixing the amounts paid by plaintiff in total or partial discharge of liens upon certain of the lots or parcels of land described in the complaint, which existed at the date of the conveyance of said lots or parcels of land to John R. Baker, and which were discharged by plaintiff prior to the commencement of this action.

From the judgment rendered, plaintiff appealed to the Supreme Court.

*Oscar O. Efird, John M. Robinson and Hunter M. Jones for plaintiff.*
*Ratcliff, Hudson & Ferrell and Tillett, Tillett & Kennedy for defendant, Carolina Beach Corporation.*

CONNOR, J. As our decision of the determinative question presented by plaintiff's assignments of error with respect to the trial of the third issue will dispose of this appeal, we shall not decide or discuss questions presented by his other assignments of error. None of these questions involve the third issue, which is alone determinative of the right of defendant, Carolina Beach Corporation, to recover of the plaintiff in this action. There was no appeal from the judgment that plaintiff, as against the defendants who are the holders of the legal title to the land described in the complaint, is the equitable and beneficial owner of said land and is entitled to a conveyance to him of the legal title held by said defendants. The judgment in that respect is final and conclusive.

In its answer, the Carolina Beach Corporation alleges that the plaintiff is estopped from asserting his ownership of the equitable title to the land described in the complaint, if it shall be adjudged in this action that he is entitled to such ownership, and from thereby defeating the right of said corporation, as a creditor of John R. Baker, deceased, to have said land sold for the payment of its debt. This general allegation

is based, primarily, on the specific allegation that the plaintiff, at the time it extended credit to the said John R. Baker, and as an inducement for the extension of such credit, represented to said corporation that the said John R. Baker was the owner of the land described in the complaint. Plaintiff in his reply to the said answer, denied that he made such representation.

The burden of proof on the issue thus raised by the pleadings, and submitted to the jury as the third issue, was on the defendant, Carolina Beach Corporation. Plaintiff contends that there was no evidence from which the jury could find that plaintiff made any representation to the Carolina Beach Corporation, with respect to the title to the land described in the complaint, as alleged in defendant's answer. This contention is presented by plaintiff's assignments of error based on his exception to the refusal of the court to allow his motion for judgment as of nonsuit, at the close of all the evidence, by his exceptions to the refusal of the court to give his prayers for instructions on the third issue, and by his exceptions to instructions as given by the court on said issue in its charge to the jury. We are of opinion that these assignments of error should be sustained, for that there was no evidence tending to show that plaintiff, orally or otherwise, made any representation to the defendant with respect to the title to the land described in the complaint. As there was no evidence to sustain an affirmative answer to the third issue, the judgment founded on such answer must be reversed.

Plaintiff is not estopped from asserting as against the defendant, Carolina Beach Corporation, his equitable title to the land described in the complaint by the fact alone that the deed by which said land was conveyed to John R. Baker was on record in Mecklenburg County and that it did not appear on the face of said deed that the said John R. Baker held only the legal title to said land as trustee for the plaintiff. At the date of the commencement of this action, the Carolina Beach Corporation was merely a creditor of John R. Baker; it had acquired no lien, by docketed judgment or otherwise on the land described in the complaint. Plaintiff was the owner of the equitable title to said land, which was enforceable not only against the holder of the legal title, but also against all persons, other than purchasers for value, without notice. *Spence v. Pottery Co.,* 185 N. C., 218, 117 S. E., 32. See, however, *Trust Co. v. Collins,* 194 N. C., 363, 139 S. E., 593, in which it is said:

"The principles upon which the doctrine of equitable estoppel is founded have been more frequently applied where the title to property, real or personal, has passed immediately, by sale or conveyance; they are likewise applicable, at least ordinarily, where credit has been extended upon the well-founded belief of the creditor that his debtor is the owner of specific property, subject to sale under execution on a judg-

ment against him, which in truth and in fact is owned at the time by another, who prior to the extension of credit has represented to the creditor that the debtor is the owner of the property. In such case, where all the essential elements of an equitable estoppel are found to exist, it may well be held that the true owner is estopped from asserting his title as against the creditor who has reduced his debt to judgment."

The only evidence relied upon by defendant, Carolina Beach Corporation, as tending to show that plaintiff represented to said corporation that John R. Baker was the owner of said land, was the testimony of the president and of the secretary of said corporation. Both of these witnesses for the defendant testified that at a conference between them and the said John R. Baker, prior to 22 June, 1927, the said Baker represented to them that he was the owner of the land described in the complaint, and that a subsequent examination of the records of Mecklenburg County showed that a deed by which the said land had been conveyed to him was duly registered in said county. There was evidence tending to show that at this time Baker was the private secretary and agent of the plaintiff, but also tending to show that at said conference Baker was acting for himself, and not for the plaintiff. The plaintiff was not present at said conference. Both the witnesses testified that they had no communication with plaintiff, oral or otherwise, with respect to the subject-matter of said conference, or with respect to the title to the land described in the complaint. In the absence of any evidence tending to show that plaintiff made any representation to the defendant corporation with respect to the title to said land, prior to its extension of credit to the said Baker, plaintiff's motion for judgment as of nonsuit should have been allowed.

Although John R. Baker held the legal title to the land described in the complaint, under the deed dated 12 January, 1927, and duly recorded on 14 February, 1927, as trustee for the plaintiff, at the time he represented that he was the owner of said land, such representation, being in disparagement of the title of the plaintiff, and for the benefit of the said Baker, only, was not competent as. evidence against the plaintiff. *Perkins v. Brinkley*, 133 N. C., 348, 45 S. E., 652.

There are other errors in this appeal for which plaintiff would be entitled to a new trial. As there was error, however, in the refusal of the court to allow plaintiff's motion for judgment as of nonsuit, it is needless to discuss errors for which a new trial should be granted.

The judgment that plaintiff is estopped as against the Carolina Beach Corporation to assert his equitable title to the land described in the complaint unless and until he pays to the said corporation the amount of its debt against the estate of John R. Baker, deceased, as found by the jury, and that the land be sold for the payment of said debt, is

Reversed.

From judgment in accordance with the answer to the fourth issue submitted to the jury at the trial of this action, defendant, Carolina Beach Corporation, appealed to the Supreme Court.

CONNOR, J. The question presented by this appeal need not be decided, as we have held in plaintiff's appeal from the judgment in this action, that said judgment must be reversed for error in the refusal of plaintiff's motion for judgment as of nonsuit. This appeal is

Dismissed.