W. R. PENNIMAN et al. v. B. J. ALEXANDER.

*Promissory Note—Collateral Agreement—Conditional Accept-ance.*

The maker of a promissory note, or other similar instrument, if sued by the payee may show as between them a collateral agreement putting the payment upon a contingency, and it is competent also for a defendant sued as *acceptor* of such instrument to show in defence the conditions of his acceptance.

CIVIL ACTION, tried at Spring Term, 1892, of BUNCOMBE Superior Court, before *Hoke, J.*

The plaintiff complained upon and offered in evidence a paper-writing, of which the following is a copy:

October 13, 1890. First payment on second house__$132 25
 Payment next week.
Second payment on first house—payment in about
 twenty days_____ 66 13
Second payment on second house—payment in about
 thirty days_____ 66 12

            $264 50

I authorize B. J. Alexander to pay the above amount to Penniman & Co., as specified above. Asheville, N. C., October 13, 1890. Tickets to be presented.

(Signed), Johnathan Mooney. Accepted, B. J. Alexander.

There was evidence by plaintiff that one W. R. Penniman, who was also made party plaintiff, did furnish Johnathan Mooney, the drawer, an amount of brick to the value specified, and that plaintiffs Penniman & Co., having claims to collect as agents for W. R. Penniman, were about to commence an action and claim, and attach the brick, when Johnathan Mooney, the debtor, drew the above paper for the amount due for the brick, $264.50, and same was accepted by defendant B. J. Alexander, and suit was not then instituted; that no part of claim had been paid, and before bringing this suit plaintiff, as agent for W. R. Penniman, had demanded payment on said paper of the defendant B. J. Alexander, which was refused. The terms, "Tickets to be presented," on face of paper was stated to signify that Johnathan Mooney had given tickets for the amount of brick as they were delivered, and that such tickets were to be surrendered when draft bill was paid.

Defendant offered himself as a witness, and proposed to show that his acceptance of paper was on condition that the drawer Mooney was building some houses for defendant where brick were used, and was building same by contract, payable in installments as work progressed; that said Mooney abandoned work and gave up contract before payments were due, and he never became indebted to said Mooney, and that he was only to pay bill on hand acceptance in case he became indebted to Mooney for said amounts. This evidence was ruled incompetent, and defendant excepted. Defendant further insisted that there was no consideration for said paper moving to defendant, and moved the Court to instruct the jury that for this reason the plaintiff could not recover. This was denied, and defendant excepted. Verdict and judgment for plaintiff, and appeal by defendant.

*Mr. Charles A. Moore,* for plaintiffs.
*Mr. W. R. Whitson* (by brief), for defendant.

PARTON v. ALLISON.

BURWELL, J.: It cannot be contended that the rights of the plaintiffs against the defendant are stronger than if he had given them his promissory note for the sum named in the writing on which this action is brought, instead of accepting the order as he did. If he had done so, that is, had given to plaintiffs his promissory note for the amount of the order, it would have been competent for him, if sued on the note by the *payees,* to prove that there was a collateral agreement between him and them to the effect that he should not be required to pay except upon the happening of certain events. or that the note was without consideration. *Braswell* v. *Pope,* 82 N. C., 57; *Kerchner* v. *MacRae,* 80 N. C., 219. *A fortiori* was it admissible for the defendant to show that there was a collateral agreement between himself and plaintiffs when he wrote the word "accepted" on the order and signed his name thereto, for, if the writing be considered as a draft drawn by Mooney on defendant in favor of plaintiffs, the legal relation of the parties when it had been accepted was that of endorser, maker or payee of a promissory note. Dan. Neg. Inst., § 29.

Error.