BLACKSTAD MERCANTILE COMPANY v. PARKER AND
A. E. GLOVER, PARTNERS.

(Filed 15 October, 1913.)

**Contracts, Written—Delivery on Condition—Parol Agreement—Contradiction—Vendor and Vendee.**

The rule that a sales agent may not vary a written contract of sale by a parol agreement with the purchaser contrary to the express provision of the writing, has no application when the contract was received by the agent with the verbal understanding that it was not to become effective until further order of the purchaser; and where the agent has sent the contract to his principal in violation of this agreement, and the goods are shipped in consequence, the purchaser is not liable under the written contract, in an action brought thereon for the purchase price.

APPEAL by plaintiff from *Carter, J.,* at the April Term, 1913, of WAKE.

Civil action tried on appeal from court of justice of the peace, in the Superior Court.

Plaintiff declared on a written contract for purchase of a lot of cheap jewelry, to the amount of $198, the order containing a stipulation as follows:

                              Date, July 14, 1911.

BLACKSTAD MERCANTILE COMPANY,
     *St. Louis, Mo.*

GENTLEMEN:—On your approval of the terms and conditions of the above order, please deliver to us, at your earliest convenience, f. o. b. factory or distributing point, the goods above listed on the above terms. We agree that no statement made by ourselves or the salesman will be a part of this agreement, unless written in the original order received and accepted by you.

                    (Signed)    J. B. LEGTERS,
                                          *Salesman.*
                    (Signed)    PARKER & GLOVER,
                                          *Customer.*

Postoffice, Wendell, N. C.


Defendants denied liability, claiming that they had not made any such contract.

On the issue thus raised, plaintiff presented the written order and proved it had shipped goods to defendants from St. Louis, Mo., 18 July, 1911, as specified in contract, and on arrival at destination at Wendell, N. C., defendants declined to receive same, and had never taken them from express and railroad offices.

The defendant Parker was allowed to testify, over plaintiff's objection, that the transaction had taken place with a salesman of plaintiff, and that, when the order was prepared, he handed it to the salesman with the express understanding and agreement that it was not to be sent in to plaintiffs until the defendants gave further order to that effect, and that the salesman, in violation of this understanding, sent the order off immediately; some of the goods coming by freight and some by express. As soon as defendant heard that goods were shipped, he notified plaintiffs that the order had been sent in contrary to the agreement and that the defendants had already written

the salesman not to have the goods shipped, and further saying they were overstocked and could not handle them at that time. This letter was also in evidence.

The court, among other things, charged the jury, in effect, that, in order to constitute a contract, delivery was necessary, and if they found from the evidence that the paper-writing as signed by defendants was left in possession of the salesman, with the understanding that he should hold the same until he heard further from the defendants, and sent it to plaintiffs in violation of such agreement, there would have been no delivery and plaintiff would not be entitled to recover.

2. That a production of the paper in evidence and proof of shipment of goods as therein directed, the burden was then on defendant to negative the fact of delivery, etc.

Verdict for defendants. Judgment, and plaintiff excepted and appealed.

*N. Y. Gulley & Son* for plaintiff.
*Peele & Maynard* for defendant.

HOKE, J., after stating the case: The reception of the evidence of the defendant Parker and the charge of the court in reference thereto are in accord with several recent decisions of the Court on the subject. *Garrison v. Machine Co.,* 159 N. C., 285; *Bowser v. Tarry,* 156 N. C., 35; *Pratt v. Chapin,* 136 N. C., 350.

In *Bowser's case, supra,* the Court, after approving the general rule that oral evidence will not be received to contradict or vary a written contract, made statement of the present position as follows: "While this position is unquestioned, it is also fully understood that although a written instrument purporting to be a definite contract has been signed and delivered, it may be shown by parol evidence that such delivery was on condition that the same was not to be operative as a contract until the happening of some contingent event, and this on the idea, not that a written contract could be contradicted or varied by parol, but that until the specified event occurred the instrument did not become a binding agreement between the parties. It never

DAMERON *v.* LUMBER CO.

in fact became their contract. The principle has been applied with us in several well considered decisions, as in *Pratt v. Chaffin,* 136 N. C., 350; *Kelly v. Oliver,* 113 N. C., 442; *Penniman v. Alexander,* 111 N. C., 427, and is now very generally recognized. *Ware v. Allen,* 128 U. S., 590; *Wilson v. Powers,* 131 Mass., 539; *Rym v. Cambill,* 88 E. C. L., 370; Clark on Contracts, p. 391; Lawson on Contracts (Amer. Ed.), p. 318, and, except in deeds conveying real estate, obtains, though the instrument is under seal and delivery has been to the other party. *Blewitt v. Boorum,* 142 N. Y., 357." The cases chiefly relied upon by plaintiff, to wit, *Machine Co. v. McClamrock,* 152 N. C., 405; *Medicine Co. v. Mizell,* 148 N. C., 385, are not in conflict with this position. Both of these cases proceed upon the theory that there was an existent written contract between the parties, and the question was whether its terms could be contradicted or varied by parol. In the present case, as stated, the question was whether there was or ever had been any written contract between plaintiff and defendants, and the issue having been determined against plaintiff, under a correct charge, the judgment in defendants' favor must be affirmed.

No error.