EMMA FARRINGTON v. W. L. McNEILL.

(Filed 31 October, 1917.)

1. Contracts—Written Statute of Frauds—Parol Evidence—Consideration—
Bills and Notes—Seals.

A defendant sued on his note by the original payee may show by parol that the entire transaction was not put in writing; that it was given for a certain interest in land upon the contingency of the success of the payee's action to recover the land and a complete failure of consideration arising from an unsuccessful outcome of the action, and the fact that the note was under seal does not affect the result as between the original parties.

APPEAL by defendant from *Harding, J.*, at the April Term, 1917, of ASHE.

This was an action begun before a justice of the peace to recover on a bond for $40 and interest, dated 4 July, 1910, which was tried on appeal in the Superior Court. The bond was as follows:

$40.00.

Two years after date, I promise to pay Emma Farrington forty dollars, for value received, at 6 per cent per annum, it being purchase money for my interest in the land known as the Josh Cox home place.

4 July, 1910.　　　　　　　　　　　　　W. S. McNEILL. (SEAL)
Witness: S. S. REVIS, *J. P.*

The execution of the note was admitted. The complaint and answer were verified. The answer averred that "At the time of the execution of the said note, one E. F. Stafford had a mortgage upon the lands hereinafter mentioned and claiming the same, and also W. E. Cox had a claim upon said land, which was known as the Jesse Cox land, and the plaintiff, a daughter of Joshua Cox, deceased, having a claim on said land as one of his heirs, the defendant executed to the plaintiff the note sued on with the distinct understanding and agreement between them at the time of the execution of the note, and as a part of the agreement, that this defendant should pay said note only in the event that the said Elizabeth Cox recovered said land as against both E. F. Stafford and W. E. Cox, but that the said Elizabeth, in the suit brought by E. F. Stafford against her, lost said land, as shown by the record of the judgment in the Superior Court in that case, and this defendant pleads said failure of consideration."

The plaintiff objected to any evidence to show any oral agreement as pleaded; upon the ground that it would vary or contradict the written instrument. There was much evidence in support of this allegation. The court charged the jury that such evidence "contradicts the terms of the written contract and is incompetent, and the jury, if they believed the evidence, should answer the issue '$40, with interest from 4 July, 1910.'" Verdict for the plaintiff. Appeal by defendant.

*Charles B. Spicer for plaintiff.*
*T. C. Bowie for defendant.*

CLARK, C. J. "Where the contract sued upon contains only a part of the agreement between the parties, it is competent to show the other part by parol evidence." *Faust v. Rohr,* 167 N. C., 360; *Buie v. Kennedy,* 164 N. C., 290; *Audit Co. v. Taylor,* 152 N. C., 272; *Colgate v. Latta,* 115 N. C., 127.

This evidence was also competent to show that the note sued upon was executed upon the condition of a contingency as to its payment. *Hughes v. Crooker,* 148 N. C., 318; *Pratt v. Chaffin,* 136 N. C., 350; *Quin v. Sexton,* 125 N. C., 447; *Bresee v. Crumpton,* 121 N. C., 122; *Penniman v. Alexander,* 111 N. C., 427.

The evidence is also competent to show failure of consideration. *Martin v. Mask,* 158 N. C., 444, where the Court cited several authorities that a separate parol agreement entered into at the time of the contract is competent when it does not contradict or vary the contract, but merely tends to show that the written contract was only a part thereof. For instance, in *Braswell v. Pope,* 82 N. C., 57, it was held competent to prove that notes payable in money were to be surrendered upon the

maker signing a judgment and a certain mortgage as security for the money. In *Penniman v. Alexander,* 111 N. C., 427, it was held: "The maker of a promissory note or other similar instrument, if sued by the payee, may show as between them a collateral agreement putting the payment upon a contingency." In *Evans v. Freeman,* 142 N. C., 61, it was held that the maker of a note for the purchase money of a stock feeder could prove by parol that at the time the note was given it was agreed that it should be paid only out of the sales of the stock feeder; and in *Kernodle v. Williams,* 153 N. C., 475 (just reaffirmed at this term in *Kernodle v. Kernodle*), it was held that it was "competent to prove a parol agreement that the children should pay only so much of the note given their father as was necessary to pay his debts, and that the balance should be accounted for as an advancement"; and, further, it was said, which is applicable to this case: "The evidence, if believed, proved a total failure of consideration as to the note sued on." *Carrington v. Waff,* 112 N. C., 119.

In *Nissen v. Mining Co.,* 104 N. C., 310, it was held that while parol evidence cannot be admitted to contradict or vary the terms of a written contract, it is competent to admit parol testimony, when the written contract does not include the entire agreement of the parties, which was partly oral and partly in writing.

In this case the agreement, so far as the amount and rate of interest and date of payment are concerned, was in writing and put in evidence. The defendant did not offer evidence to contradict or vary this agreement in any respect, but merely to show a further oral agreement that if the land for which the note was given, and which Stafford was seeking to recover, was recovered by him in such suit, that in such event she was not to pay the note. That is, the payment of the note was made dependent upon a condition subsequent, and that the liability was feasible upon the happening of a certain event which has since occurred.

It was competent to prove such collateral agreement making the note non-payable upon a contingency which would deprive the note of all consideration. It is true, the note in this case is under seal, which purports a consideration, but such presumption is rebuttable as between the parties thereto.

Error.