STATE OF NORTH CAROLINA ON RELATION OF THE BOARD OF COMMISSIONERS OF BRUNSWICK COUNTY v. THE BANK OF SOUTHPORT, PEOPLES UNITED BANK, RECEIVER OF THE BANK OF SOUTHPORT, THE COMMERCIAL NATIONAL BANK, C. L. WILLIAMS, RECEIVER OF THE COMMERCIAL NATIONAL BANK, ET AL.

(Filed 24 October, 1928.)

**1. Banks and Banking—National Banks—Ultra Vires Acts.**

The effect of an *ultra vires* act of a national bank is to be determined by the decisions of the Federal Supreme Court, which hold that an *ultra vires* act is void as being without the power of a corporation, and that ratification cannot affect the limitations of this power.

**2. Same—Bonds—Principal and Surety—Banks Acting as County Treasurer.**

The act of a national bank in signing as surety the bond given by another bank acting as county financial agent, chapter 262, Public-Local Laws 1925, is *ultra vires* and void.

**3. Same—Recovery of Property Given Under Ultra Vires Contract.**

The doctrine that where a corporation does an *ultra vires* and void act the party parting with money or property on the faith of the unlawful contract may recover it back or be compensated therefor does not arise upon suit against a national bank as surety on the bond of another bank

acting as financial agent of a county where the consideration for becoming surety is a deposit of part of the county funds, for the reason that the national bank receives no money or property from the county, but the bank, the principal on the bond, has a valid claim against the receiver of the national bank for the amount so deposited with it.

APPEAL by plaintiff from *Sinclair, J.,* at June Term, 1928, of BRUNSWICK. Affirmed.

Action on two certain bonds executed by the Bank of Southport, as principal, and the Commercial National Bank, and others, as sureties.

The Bank of Southport, prior to its insolvency, was financial agent of Brunswick County. As such financial agent the said bank executed and delivered the bonds sued on in this action, in compliance with statutory requirements. Chapter 262, Public-Local Laws 1915. At the date of its adjudication as insolvent, and of the appointment of defendant, Peoples United Bank, as its receiver, the said Bank of Southport, as such financial agent, owed to Brunswick County the sum of $180,241.00, for which sum it was liable under the terms of said bonds. Default has been made upon said bonds by the failure of said Bank of Southport, as principal, to account to the board of commissioners of Brunswick County for said sum of money.

The Commercial National Bank of Wilmington, N. C., by its president and cashier and secretary, executed said bonds as one of the sureties thereon. Thereafter, the said Commercial National Bank was declared to be insolvent by the Comptroller of the Currency, who thereupon appointed the defendant, C. L. Williams, as receiver of said Commercial National Bank. The said defendant, C. L. Williams, is now engaged in the performance of his duties as such receiver.

Pursuant to an agreement had and entered into by and between the Bank of Southport and the Commercial National Bank, prior to the execution of said bonds by the said Commercial National Bank, and in consideration therefor, the Bank of Southport deposited some part of the money which came into its hands as financial agent of Brunswick County, with the said Commercial National Bank of Wilmington, N. C.

The defendant, C. L. Williams, receiver of the Commercial National Bank, has refused to allow the claim of the relator, the board of commissioners of Brunswick County, against said bank, on account of its alleged liability as surety on said bonds, upon the ground that the execution of said bonds by the Commercial National Bank, as surety, was *ultra vires.*

In its complaint in this action, plaintiff prays judgment that it recover of defendants the sum of $180,241.00, with interest and costs, and that the defendant, C. L. Williams, receiver of the Commercial National Bank, be ordered and directed to allow its claim against said

bank for said sum, to the end that relator may receive dividends thereon to be declared out of the assets of said bank, and paid by said receiver to it as a creditor of said bank, and for other relief.

The defendants, the Commercial National Bank, and C. L. Williams, receiver of said bank, demurred to the complaint filed in this action, in which the facts are alleged as hereinbefore set out. The grounds for the demurrer are:

1. For that the facts alleged in the complaint are not sufficient to constitute a cause of action in favor of plaintiff and against these defendants.

2. For that the execution of said bonds by the Commercial National Bank, as surety thereon, was *ultra vires,* and that the benefit received by said bank from deposits made with it by the Bank of Southport, principal in said bonds, was not sufficient to authorize said Commercial Bank to execute said bonds, as surety, or to render said bank liable on said bonds for any sum of money whatever, upon default of the principal.

From judgment sustaining the demurrer plaintiff appealed to the Supreme Court.

*Robert W. Davis and Bryan & Campbell for plaintiff.*
*J. O. Carr for Commercial National Bank and C. L. Williams, Receiver.*

CONNOR, J. The principle that a corporation may lawfully exercise only those powers, which are expressly conferred upon it by its charter, or by the laws in force in the jurisdiction where it was organized, or which are incidental to the exercise of such express powers, has been uniformly and consistently applied by the Supreme Court of the United States to corporations or associations organized under the National Bank Act, U. S. Comp. Stat., 1918, sec. 9657 *et seq.*

In *Central Transportation Co. v. Pullman's Palace Car Co.,* 139 U. S., 24, 35 L. Ed., 55, after a full and exhaustive review of authoritative decisions, pertinent to the question involved, *Gray, J.,* says: "The clear result of these decisions may be summed up thus: The charter of a corporation, read in the light of any general laws, which are applicable, is the measure of its powers, and the enumeration of those powers implies the exclusion of all others not fairly incidental. All contracts made by a corporation beyond the scope of those powers are unlawful and void, and no action can be maintained upon them in the courts, and this upon three distinct grounds: the obligation of every one contracting with a corporation to take notice of the legal limits of its powers; the interest of the stockholders, not to be subjected to risks which they have never

undertaken; and above all, the interest of the public, that the corpora-
tion shall not transcend the powers conferred upon it by law."

With respect to the validity of a contract entered into by a corpora-
tion, beyond the scope of its powers, express or implied, the learned
*Justice* further says: "A contract of a corporation, which is *ultra vires,*
in the proper sense, that is to say, outside the object of its creation as
defined in the law of its organization, and therefore beyond the powers
conferred upon it by the Legislature, is not voidable only, but wholly
void, and of no legal effect. The objection to the contract is, not merely
that the corporation ought not to have made it, but that it could not
make it. The contract cannot be ratified by either party, because it
could not have been authorized by either. No performance on either
side can give the unlawful contract any validity, or be the foundation of
any right of action upon it. When a corporation is acting within the
general scope of the powers conferred upon it by the Legislature, the cor-
poration, as well as persons contracting with it, may be estopped to
deny that it has complied with the legal formalities which are pre-
requisites to its existence or to its action, because such requisites might
in fact have been complied with. But when the contract is beyond the
powers conferred upon it by existing laws, neither the corporation nor
the other party to the contract can be estopped, by assenting to it, or by
acting upon it, to show that it was prohibited by those laws."

There is conflict in the decisions of the courts upon the question as to
whether a defense in an action against a corporation, based upon a plea
on the part of the corporation that the contract was *ultra vires,* will be
sustained under any and all circumstances. Many courts hold that the
plea will not prevail, whether interposed for or against a corporation,
when it would be inequitable or unjust to allow it, as where the party
seeking to enforce performance of the contract, has performed on his
part, and the other party has received the benefit of such performance.
Some courts, on the other hand, including the Supreme Court of the
United States, hold that an *ultra vires* contract is void, as being beyond
the powers conferred upon the corporation, and that as a rule no action
can be maintained upon it. Tiffany on Banks and Banking, p. 290. It
is important, therefore, to bear in mind that the strict view of the doc-
trine of *ultra vires,* as declared by the Supreme Court of the United
States, governs the contracts of national banks, for the reason that such
banks are organized under and carry on business pursuant to a Federal
statute. See *Thompson v. National Bank,* 146 U. S., 240, 36 L. Ed., 956.

With respect to the power of a national bank to render itself liable
upon a contract of suretyship for another, in *Merchants Bank v. Baird,*
160 Fed., 642, it is said: "A national bank may warrant the title to
property it conveys, or become liable as an endorser, or guarantor of

notes or other obligations which it rediscounts or sells because to do so is incidental to the business it is authorized to transact, and to the disposition of property it has lawfully acquired. But it cannot lend its credit to another by becoming surety, endorser or guarantor for him. It cannot for the accommodation of another endorse his note or guarantee the performance of obligations in which it has no interest. Such an act is an adventure beyond the confines of its charter, and, when its true character is known, no rights grow out of it, though it has taken on in part the garb of a lawful transaction. *Commercial National Bank v. Pirie,* 27 C. C. A., 171, 82 Fed., 799; *Bowen v. Needles National Bank,* 36 C. C. A., 553, 94 Fed., 925, *ibid.,* 87 Fed., 430. An act that is void because beyond the power of a national bank cannot be made good by estoppel. *McCormick v. Market National Bank,* 165 U. S., 41, 41 L. Ed., 817; *California National Bank v. Kennedy,* 167 U. S., 362, 42 L. Ed., 198."

Conceding that the law with respect to a contract made and entered into by a corporation, *ultra vires,* is as declared in *Central Transportation Co. v. Pullman's Palace Car Co., supra,* in *Citizens Central National Bank v. Appleton,* 216 U. S., 195, 54 L. Ed., 443, *Harlan, J.,* quotes with approval from the opinion of *Gray, J.,* in that case as follows: "A contract *ultra vires* being unlawful and void, not because it is in itself immoral, but because the corporation, by the law of its creation, is incapable of making it, the courts, while refusing to maintain any action upon the unlawful contract, have always striven to do justice between the parties, so far as could be done consistently with adherence to law, by permitting property or money parted with on the faith of the unlawful contract, to be recovered back or compensation to be made for it. In such case, however, the action is not maintained upon the unlawful contract, nor according to its terms, but on an implied contract of the defendant to return, or, failing to do that, to make compensation for, property or money which it has no right to retain. To maintain such an action is not to affirm, but to disaffirm the unlawful contract."

This just and equitable principle is not applicable upon the facts alleged in the complaint in the instant case. The cause of action alleged in the complaint is upon the bonds. The Commercial National Bank of Wilmington cannot be held liable on said bonds, for its execution of said bonds, as surety, was *ultra vires.* The said National Bank received deposits from the Bank of Southport, in fulfillment of the agreement had and entered into between them. The amount of the sums deposited pursuant to this agreement does not appear from the allegations of the complaint. Nor does it appear therein that the Commercial National Bank, at the date of its insolvency, owed any part of the sums deposited

with it, pursuant to the agreement, to the Bank of Southport. The benefit, if any, which the Commercial National Bank received from the execution of the bonds, as surety, upon the facts alleged in the complaint, was not sufficient to invoke the principle that, notwithstanding a contract by a corporation is *ultra vires,* the corporation will not be permitted to retain property or money which it received by reason of the unlawful contract. The Commercial National Bank received no money or property from the obligee in the bond; it received only money deposited with it by the Bank of Southport, the principal in said bonds. The said bank has a valid claim against the receiver of the Commercial National Bank for the balance due, if any, on account of said deposits. The relator, the board of commissioners of Brunswick County, has a valid claim against the Bank of Southport for the amount due to Brunswick County by said bank as its financial agent. It is entitled to dividends upon this claim, to be paid by the receiver of said Bank of Southport out of assets in its hands, as the same may be declared. To permit the relator to recover in this action against the Commercial National Bank, and its receiver, would not be just or equitable to the creditors of said bank or of the Bank of Southport. Nor can such recovery be permitted under the law applicable to national banks as declared by the Supreme Court of the United States.

There was no error in the judgment sustaining the demurrer to the complaint. The judgment is in accordance with the authorities, and is therefore

Affirmed.