E. H. PATTERSON v. H. WALTER FULLER AND ALICE H. FULLER.

(Filed 4 January, 1933.)

1. **Estoppel C b—Knowledge of prior mortgage held not to estop purchaser from setting up failure of consideration for purchase money notes.**

A land corporation through its president executed a warranty deed to certain lands, and the grantee therein thereafter conveyed the lands by warranty deed to the president of the corporation personally, the latter giving purchase money notes secured by a mortgage for the balance of the purchase price. The lands were foreclosed and sold to a third person under a mortgage on the lands outstanding at the time of the conveyance by the corporation and the conveyance by the grantee in the corporation's deed. Action was instituted against the president on the purchase money notes executed by him in his private capacity, and the defense of total failure of consideration was set up by him: *Held,* the president was not estopped by his knowledge of the prior mortgage from setting up the defense of failure of consideration for the notes, the principle that a person will be estopped from asserting his lien on lands where he knowingly permits another, without objection, to purchase the lands, not applying, since the defense related to the consideration for the notes and did not assert any interest in the lands.

2. **Bills and Notes A a: Evidence J a—Failure of consideration for note under seal may be shown by parol as between the parties.**

> The presumption that a note under seal is supported by a legal consideration is rebuttable as between the parties, C. S., 3008, and total failure of consideration constitutes a complete defense in an action on the note.

CIVIL ACTION, before *Schenck, J.,* at May Term, 1932, of HENDERSON.

On or about 20 September, 1926, the Laurel Park Estates, Incorporated, conveyed to J. B. Patterson certain land, and on 30 September, 1926, conveyed to E. H. Patterson certain lands owned by said corporation. The deeds contained a warranty clause to the effect that the grantor, to wit, the corporation, was "the owner and lawfully seized of said premises; that it has good right to convey the same; that the same are free from all encumbrances whatever . . . and that it will warrant and defend the title to the same against all lawful claims." These deeds were executed in the name of the corporation by H. Walter Fuller, president. Thereafter, on 6 January, 1927, J. B. Patterson conveyed to H. Walter Fuller and Alice H. Fuller the same land which the Laurel Park Estates had theretofore conveyed to said Patterson. Patterson inserted covenants in his deed to the effect that he was the owner of the land and had good right to convey the same, and "that the same are free from all encumbrances whatever," and that he would warrant the title against all claims except certain indebtedness held by the Central Bank and Trust Company. Fuller and wife executed a deed of trust upon the land to Crowell, trustee for J. B. Patterson, securing nine notes, amounting to $2,925. The deed of trust contained covenants of seisin, right to convey, warranty, and that the premises were free from all encumbrances. On 26 February, 1927, E. H. Patterson and wife conveyed to Alice H. Fuller the same lands theretofore conveyed by Laurel Park Estates, Incorporated, to E. H. Patterson. This deed contained covenants of seisin, right to convey, and "that the same are free from all encumbrances whatever." Fuller and wife executed a deed of trust to Arledge, trustee, for E. H. Patterson, securing note for the purchase price of said land, said deed of trust containing the usual covenants. Thereafter, on 2 January, 1931, E. H. Patterson brought this suit against H. Walter Fuller and Alice H. Fuller upon certain promissory notes executed by the defendants to E. H. Patterson and J. B. Patterson, aggregating $6,487.50. The Fullers filed an answer alleging certain transactions with the Pattersons, and that the said notes were delivered in payment of the purchase price of the land aforesaid and with the understanding and agreement that they were not to become valid and binding obligations of defendants until the lien of certain deeds of trust upon the land had been removed.

The evidence tended to show that at the time the Laurel Park Estates, Incorporated, had conveyed the land to the Pattersons that there were outstanding deeds of trust securing the payment of notes aggregating $1,500,000. There was evidence further tending to show that at the time the Pattersons conveyed the land to H. Walter Fuller and his wife, Alice H. Fuller, that said notes secured by said deeds of trust were still outstanding and unpaid. The Fullers in their answer alleged that the notes given the Pattersons were for the purchase price of the lands which the Pattersons had conveyed to them in deeds containing the warranties above recited, and that by reason of the breach of said warranties there was an absolute failure of title to the property resulting in a total failure of consideration for said notes.

Ten issues were submitted to the jury. The jury found by its verdict:

(a) That there was an agreement between E. H. Patterson and the Fullers that three notes given by the defendants, aggregating $3,562.50, represented one-half the purchase price of certain lots conveyed by Laurel Park Estates, Incorporated, to said Patterson and conveyed by said Patterson to the Fullers.

(b) That at the time said notes were signed and delivered the land was encumbered with deeds of trust aggregating $1,500,000.

(c) That the nine promissory notes, executed and delivered by the Fullers to J. B. Patterson, represented one-half the purchase price of the lots conveyed by Laurel Park Estates, Incorporated, to said J. B. Patterson and conveyed by him to Alice H. Fuller.

(d) That the lien of said deeds of trust has never been removed.

(e) That warranties of title were contained in the deeds from the Pattersons to the Fullers; that one of said deeds of trust, securing a note for $250,000 had been foreclosed and the land purchased by Model Homes Corporation.

(f) That there was no agreement between the Fullers and the Pattersons at the time the Fullers delivered the notes in controversy that they should not become valid and binding obligations until the lien of the deed of trust had been removed.

From judgment upon the verdict in favor of defendants the plaintiff appealed.

*Thos. H. Franks for plaintiffs.*
*Shipman & Arledge for defendants.*

BRODGEN, J. The evidence established the fact that the notes in controversy were executed and delivered by the Fullers in consideration of the purchase price of certain land conveyed to them by the Pattersons,

and further, that by reason of outstanding deeds of trust upon the property securing notes for more than $1,000,000, and the subsequent foreclosure that there was a total failure of consideration for the purchase money notes given by the Fullers to the Pattersons. However, the Pattersons assert that the Fullers are not in a position to plead the failure of consideration for the reason that H. Walter Fuller, president of Laurel Park Estates, Incorporated, executed on behalf of the corporation the deed to the Pattersons for the identical land, in which said deed it was covenanted that the land was free from encumbrance. They further contend that the encumbrance was known to Fuller as president of the corporation when the deed was executed, and that hence Fuller is now estopped thereby.

Plaintiffs rely upon *Bank v. Bank,* 138 N. C., 468, 50 S. E., 848. The controlling proposition in that case was that a person holding a lien upon land could not lawfully conceal the fact and knowingly suffer another to purchase the property, to go in possession thereof under a claim of ownership and occupy it for more than seven years, and then undertake to enforce his claim. The Court said: "It is familiar learning that where one knowingly suffers another in his presence to purchase property in which he has a claim or title which he wilfully conceals, he will be deemed under such circumstances to have waived his claim, and will not afterwards be permitted to assert it against a purchaser." See, also, *Hallyburton v. Slagle,* 132 N. C., 947, 44 S. E., 655; 64 A. L. R., 1550 and note; *Trust Co. v. Collins,* 194 N. C., 363, 139 S. E., 593. The defendants claim no interest in the land, but merely assert as a defense the failure of consideration of the notes. Consequently the salutary principle applied in the *Bank case, supra,* is not controlling.

The plaintiffs in the brief also contend that failure of consideration is not a valid defense to a note under seal by reason of the fact that the seal imports consideration, and rely upon the case of *Burriss v. Starr,* 165 N. C., 657, 81 S. E., 929. C. S., 3008 recognizes and sanctions in proper cases the defense of failure of consideration. The presumption arising from a seal upon a negotiable instrument is rebuttable. This was determined in *Farrington v. McNeill,* 174 N. C., 420, 93 S. E., 957, in which the Court said: "It is true, the note in this case is under seal, which purports a consideration, but such presumption is rebuttable as between the parties thereto." *Taft v. Covington,* 199 N. C., 51, 153 S. E., 597; *Chemical Co. v. Griffin,* 202 N. C., 812, 164 S. E., 577.

While the jury found against the defendants on the issue of conditional delivery of the notes, the verdict establishing the failure of consideration warranted the judgment rendered.

No error.