L. O. PERRY, INA P. FOWLER, BURMA P. FAUCETTE, MAUDE P.
PRIVETTE, H. K. PERRY, R. K. PERRY, AND R. C. PERRY v. FIRST
CITIZENS NATIONAL BANK & TRUST COMPANY, ADMINISTRATOR
D. B. N. OF THE ESTATE OF J. B. PERRY, DECEASED.

(Filed 6 November, 1946.)

**1. Trial § 27—**

Where the evidence is conflicting it is error for the court to give
an instruction which has the effect of a directed verdict for either party.

**2. Bills and Notes § 34—**

Although the burden is upon the maker who admits the execution and
delivery of notes to establish his contention of non-liability, where testi-
mony offered by him, considered in the light most favorable to him, affords
any competent evidence in support of his contention, he is entitled to
have the question submitted to the jury, and an instruction having the
effect of a directed verdict against him is error.

**3. Bills and Notes §§ 3, 33—**

As between the parties, the maker of negotiable notes under seal pur-
porting on their face to be for "value received" is not precluded from
showing that their delivery was conditioned upon a contingency which
had not been fulfilled or that they were given upon a condition which
failed, or that there was a failure of consideration.

**4. Same: Descent and Distribution § 13—Evidence held for jury on de-
fense of want of consideration or that notes were given on condition
that failed.**

In this action by a distributee against the successor administrator to
recover his distributive share of the estate, defendant set up as a defense
notes executed by the distributee to intestate. Plaintiff admitted the exe-
cution of the notes, and offered evidence that the notes were executed and
delivered upon condition that intestate assume and pay off certain tax liens
on plaintiff's land, and' that plaintiff thereafter executed other notes for
substantially the same obligation to the first administrator who paid the
tax liens, and that the first administrator had declared that the second set
of notes settled the distributee's obligations to the estate. *Held:* Plaintiff's
evidence was sufficient to be submitted to the jury upon his contention
that the first series of notes were given upon a condition that failed or
that they were without consideration, and an instruction having the effect
of a directed verdict for the administrator on the issue is erroneous.

**5. Evidence § 32—**

Testimony by the maker of notes as to transactions with deceased payee
tending to establish non-liability is properly excluded. G. S., 8-51.

APPEAL by plaintiff H. K. Perry from *Bone, J.,* at January Term,
1946, of FRANKLIN. New trial.

The plaintiffs sued to recover their distributive shares in the estate
of J. B. Perry, deceased. The defendant administrator answered ad-
mitting assets for distribution, but alleged, among other things, that

plaintiff H. K. Perry was indebted to the estate, evidenced by certain enumerated notes, in an amount in excess of his distributive share.

It was admitted that all of the notes referred to were barred by the pleaded statute of limitations, except (1) three notes under seal, dated 22 January, 1935, in the aggregate sum of $2,300, and (2) one note for $1,971, dated 7 April, 1941. Plaintiff H. K. Perry admitted he owed the $1,971 note, which he was ready to pay, but denied liability on the notes for $2,300 on the ground that these notes, secured by deed of trust on his land, were conditioned upon J. B. Perry's paying certain outstanding liens on plaintiff's land arising out of unpaid taxes, and were executed to secure and indemnify J. B. Perry therefor; that J. B. Perry had failed to pay off these obligations, and that the note of $1,971 was later given by plaintiff to the former administrator of the J. B. Perry estate to cover these same obligations. Plaintiff pleaded failure of consideration.

The only controverted issue submitted to the jury was in regard to the three notes aggregating $2,300. As relating to this issue, it was not controverted that J. B. Perry, the uncle of plaintiff H. K. Perry and of plaintiff's brother W. C. Perry, died in 1940, and that W. C. Perry qualified as administrator of his estate and continued to act in that capacity until 9 April, 1942, when he resigned, and was succeeded by the defendant Bank; that the land of H. K. Perry (123 acres) had been at some previous time sold for taxes and bought in by the county; that the county in 1934 conveyed the land to W. C. Perry for $1,350, the amount of the taxes and costs. W. C. Perry paid part of the purchase money and gave notes secured by deed of trust on the land to the county for the balance of the purchase money in the sum of $1,187. 22 January, 1935, W. C. Perry conveyed the land back to H. K. Perry, who assumed payment of the debt, and on the same date H. K. Perry executed the three notes to J. B. Perry aggregating $2,300, secured by deed of trust on the land. On the face of these notes appeared the phrase "for purchase money." It was contended by the plaintiff, not admitted by defendant, that these notes were given only to secure J. B. Perry for the contemplated payment by him of the outstanding lien held by the county and the amount which had been advanced by W. C. Perry. The $1,187 deed of trust on the land was not canceled, and on 7 April, 1941, the notes representing this indebtedness, which, with interest and additional taxes, amounted to $1,971, were transferred by the county to W. C. Perry administrator. On the same date and for same amount the plaintiff H. K. Perry executed his note to W. C. Perry, administrator of J. B. Perry. Judgment on this note, admitted by plaintiff, was rendered against plaintiff in this action. The defendant Bank qualified as administrator *d. b. n.* 9 April, 1942, at which time these notes and deeds

of trust (both the $2,300 papers and the $1,971 papers) came into its hands.   W. C. Perry died September, 1942.

The defendant Bank administrator offered evidence tending to show the execution of the notes referred to, and the admission in paragraph 3 of plaintiff H. K. Perry's reply that he had "executed and delivered" the three notes aggregating $2,300.   Plaintiff then, without objection, offered the remainder of paragraph 3 to the effect that the $2,300 paper was executed "in consideration of said J. B. Perry paying all the taxes due on said land as hereinbefore set out, the said J. B. Perry failed and refused to pay the taxes which had accumulated upon said lands, and said taxes were not paid until after the death of said J. B. Perry when the same had amounted to $1,971, and were then paid by the administrator of the estate of J. B. Perry, deceased."

Mr. E. H. Malone, the attorney who drew the $2,300 papers, testified that H. K. Perry, J. B. Perry and W. C. Perry were present in his office at the time; that following failure of negotiations to secure a loan from the Federal Land Bank, J. B. Perry had agreed to take up and carry the indebtedness on the land for H. K. Perry (part due W. C. Perry), and these notes and deed of trust constituted as he understood a complete settlement among the parties at that time.   No money was passed.   The notes were left in the attorney's office and some six months later were taken by W. C. Perry.   The attorney understood from what the parties said that these notes were to secure what J. B. Perry was taking up, including what the plaintiff owed W. C. Perry.

Plaintiff then called Bill Perry as a witness, who testified that he was a son of the plaintiff, but had no pecuniary interest in the matter; that W. C. Perry, after his qualification as administrator, stated that "H. K. Perry had straightened out all his indebtedness to the J. B. Perry estate, except taxes," and "that he (the administrator) would settle all of his notes."

The court charged the jury on the issue relating to the three notes aggregating $2,300 as follows: "I instruct you that if you believe the evidence and find the facts to be as all the evidence tends to show, that it would be your duty to answer that issue $2,300 with interest."

From judgment upon the verdict returned in accordance with this instruction, the plaintiff H. K. Perry appealed.

*G. M. Beam for plaintiff, appellant.*
*Yarborough & Yarborough and Lumpkin, Lumpkin & Jolly for defendant, appellee.*

DEVIN, J.   The appellant assigns error in the charge on the ground that the instruction given by the trial court as to the only controverted issue amounted to a directed verdict for the defendant, and was based

upon the erroneous view, as thus expressed, that there was no competent evidence to support the plaintiff's contentions.

The question presented is whether the plaintiff has offered sufficient competent evidence to require the submission of the controversy on the determinative issue as an open question. From an examination of the report of the testimony set out in the record, it is apparent that the evidence on the principal question at issue was not all one way. It was conflicting in material respects. In *Kearney v. Thomas*, 225 N. C., 156 (165), 33 S. E. (2d), 871, 877, it was said: "Where the evidence is contradictory, obviously no instruction can be given hypothecated on a · finding of fact by the jury, which will have the effect of a directed verdict either way." Having admitted in his pleading the execution and delivery of the notes in suit, the burden was on the plaintiff to offer evidence tending to show non-liability thereon, and if the testimony on that point, considered in the light most favorable for him, afforded any competent evidence in support of his contention, he was entitled to have it submitted to the jury with appropriate instructions from the court as to all material phases of the case presented by such evidence. *R. R. v. Lumber Co.*, 185 N. C., 227, 117 S. E., 50; *Taylorsville v. Moose*, 212 N. C., 379, 193 S. E., 394.

While the notes in question were under seal, thus importing consideration (*Coleman v. Whisnant, ante*, 258, 37 S. E. (2d), 693), and indicated on their face that they were given "for value received," this would not preclude the plaintiff from showing if he can that the obligation was assumed upon a contingency which was not fulfilled, *Lerner Shops v. Rosenthal*, 225 N. C., 316, 34 S. E. (2d), 206; *Ins. Co. v. Morehead*, 209 N. C., 174, 183 S. E., 606; *Kindler v. Trust Co.*, 204 N. C., 198, 167 S. E., 811; *Sykes v. Everett*, 167 N. C., 600, 83 S. E., 585, or that the notes were given upon a condition which failed, *Thomas v. Carteret*, 182 N. C., 374, 109 S. E., 384; *Roebuck v. Carson*, 196 N. C., 672, 146 S. E., 708; *Federal Reserve Bank v. Mfg. Co.*, 213 N. C., 489, 196 S. E., 848; *Jones v. Casstevens*, 222 N. C., 411, 23 S. E. (2d), 897; or that as between the parties there was a failure of consideration, the notes being negotiable in form; G. S., 25-33; *Farrington v. McNeill*, 174 N. C., 420, 93 S. E., 957; *Patterson v. Fuller*, 203 N. C., 788, 167 S. E., 74; *Lentz v. Johnson*, 207 N. C., 614, 178 S. E., 226. "In proper cases it may be shown by parol evidence that an obligation was to be assumed only upon a certain contingency." *Kindler v. Trust Co., supra*. "The manual delivery of an instrument may always be proved to have been on a condition which has not been fulfilled, in order to avoid its effect." *Garrison v. Machine Co.*, 159 N. C., 285, 74 S. E., 821. "Parol evidence is admissible in an action between the parties to show that a written instrument executed and delivered by the party obligor to the party obligee absolute on its face was conditional and not intended to take

effect until another event should take place." *Ware v. Allen,* 128 U. S., 590; *Bowser v. Tarry,* 156 N. C., 35, 72 S. E., 74.

We think the plaintiff in this case has offered evidence which, when considered in the light most favorable for him, affords ground for the permissible inference, deducible therefrom, that the $2,300 papers and the $1,971 note relate to the same transaction, and evidence in the main the same obligation; that the three notes aggregating $2,300 were not based upon a present consideration, but were executed upon condition that the payee take up the outstanding liens on plaintiff's land; that upon the payee's failure so to do the $1,971 note was later given by the plaintiff to the payee's administrator to cover these same obligations, or a substantial part thereof; and further that this note for $1,971, which the plaintiff stands ready to pay, was accepted by the then acting administrator as constituting a discharge of the previously executed notes. *Ins. Co. v. Morehead,* 209 N. C., 174, 183 S. E., 606.

While the testimony of the plaintiff himself as to a personal transaction with the defendant's intestate was properly excluded as coming within the prohibition of G. S., 8-51 (*Wilder v. Medlin,* 215 N. C., 542, 2 S. E. (2d), 549), we think there was some competent evidence tending to support plaintiff's contentions, which he was entitled to have submitted to the jury, with appropriate instructions.

In stating this conclusion we must not be understood as expressing any opinion as to the weight or conclusiveness of the testimony. Conflicting or contradictory evidence invokes "the true office and province of the jury." G. S., 1-180. That there is such evidence here, in view of the peremptory instruction given, renders another hearing necessary. *Boutten v. R. R.,* 128 N. C., 337, 38 S. E., 920.

New trial.