DR. JAMES D. ROYSTER AND DR. R. L. NOBLIN, EXECUTORS OF THE ESTATE OF CHARLES G. ROYSTER, DECEASED, v. F. W. HANCOCK, JR.

(Filed 1 February, 1952.)

1. **Bills and Notes § 32—**

The fact that a note is under seal raises the presumption of good and sufficient consideration.

2. **Evidence § 43f—**

The admission in the answer of paragraphs of the complaint containing allegations of germane ultimate facts establishes such facts as effectively as a jury's verdict even though defendant attaches qualifications to his admissions.

3. **Bills and Notes § 34—**

The introduction in evidence of a note payable to plaintiff, together with defendant's admission of its execution and delivery, makes out a *prima facie* case even though the note is not negotiable.

4. **Evidence § 7e—**

When plaintiff makes out a *prima facie* case the defendant is put to the election of going forward with proof or taking his chance of an adverse verdict.

5. **Trial § 23b—**

A *prima facie* case takes the issue to the jury notwithstanding an affirmative defense set up by defendant.

ROYSTER *v.* HANCOCK.

**6. Bills and Notes § 33b—**

　　The presumption of good and sufficient consideration arising from the seal on a note is rebuttable, and the maker may show by parol evidence want of consideration, such as that the consideration was a gambling loss and therefore illegal.

**7. Bills and Notes § 32—**

　　Where the note sued on is executed long after the repeal of C.S. 2146, and there is no allegation that the note was a renewal of notes executed prior to the repeal of the statute, the burden of proving the defense that the consideration of the note was an illegal gambling transaction (G.S. 16-3) is upon the maker, since the repealed statute does not apply.

**8. Bills and Notes § 1—**

　　A promise to pay a sum definite "as per our agreement" does not affect the validity of the note. G.S. 25-9.

DEVIN, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Williams, J.,* July 1951 Term, GRANVILLE.

This is an action upon a promissory note, which is in words and figures as follows:

"Oxford, North Carolina

"Twelve months after date, for value received, I promise to pay to C. G. Royster the sum of Nine Thousand Five Hundred Dollars as per our agreement.

"In Testimony Whereof, I have hereunto set my hand and seal, this January 1, 1941.

F. W. HANCOCK, JR. (SEAL).

"Witness:

RUTH G. DUNN."

The payee is dead and plaintiffs are his executors.

Plaintiffs offered in evidence the first three paragraphs of the complaint and the corresponding paragraphs of the answer. This established the right of action in the plaintiffs and the execution and delivery of the note. Plaintiffs also offered in evidence the original note, the reverse side of which showed a series of payments totaling $600.00. Plaintiffs allege that the entire principal of the note together with interest at 6% per annum, subject to the credits appearing on the back thereof, is due, and that demand for payment has been made on defendant and by him refused.

Defendant's answer admits the demand for payment and the refusal thereof. He sets up as a defense that he and plaintiffs' testator from August, 1927, to December, 1929, were engaged in dealing in cotton futures and other gambling transactions, which resulted in heavy losses, and that the note was executed and delivered by defendant as evidence

of money advanced by plaintiffs' testator to cover defendant's share of the losses so sustained.

From an adverse judgment predicated upon defendant's motion for judgment as of nonsuit, plaintiffs appealed, assigning error.

*W. M. Hicks, Ruark & Ruark, and Joseph C. Moore for plaintiffs, appellants.*

*T. G. Stem, Edward F. Taylor, Marshall T. Spears, and Royster & Royster for defendant, appellee.*

VALENTINE, J. The only question presented is, did plaintiffs make out a case sufficient to repel defendant's demurrer to the evidence and motion for judgment as of nonsuit? The facts impel an affirmative answer to this question.

The fact that the note in question is under seal raises the presumption of a good and sufficient consideration. *Angier v. Howard,* 94 N.C. 27; *Wester v. Bailey,* 118 N.C. 193, 24 S.E. 9; *Lentz v. Johnson,* 207 N.C. 614, 178 S.E. 226. The plaintiffs allege execution, delivery and nonpayment of the note. These "issuable facts" are admitted by the defendant and when so admitted become as effective as if established by a jury's verdict. McIntosh, 475, 476; *Leathers v. Tobacco Co.,* 144 N.C. 330, 57 S.E. 11; *McCaskill v. Walker,* 147 N.C. 195, 61 S.E. 46; *Fleming v. R. R.,* 160 N.C. 196, 76 S.E. 212; *Barbee v. Davis,* 187 N.C. 78, 121 S.E. 176. This is true even when the defendant attaches to his admission certain qualifications. *Cook v. Guirkin,* 119 N.C. 13, 25 S.E. 715; *Eames v. Armstrong,* 142 N.C. 506, 55 S.E. 405.

By the introduction of the note, the execution and delivery of which are admitted in the answer, plaintiffs made out a *prima facie* case even though the note is not negotiable. *Stronach v. Bledsoe,* 85 N.C. 473; *Carrington v. Allen,* 87 N.C. 354; *Hunt v. Eure,* 188 N.C. 716, 125 S.E. 484; *Hunt v. Eure,* 189 N.C. 482, 127 S.E. 593; *Roberts v. Grogan,* 222 N.C. 30, 21 S.E. 2d 829. When the plaintiff thus makes out a *prima facie* case, the defendant is put to the election of going forward with proof or take his chance of an adverse verdict. *Speas v. Bank,* 188 N.C. 524, 125 S.E. 398; *Webster v. Trust Co.,* 208 N.C. 759, 182 S.E. 333; *Warren v. Insurance Co.,* 215 N.C. 402, 2 S.E. 2d 17; *Russ v. Telegraph Co.,* 222 N.C. 504, 23 S.E. 2d 681.

The defendant in this case seeks to avoid liability upon the claim that the note is based on a gambling transaction and therefore there is a failure of consideration. This is a matter requiring the defendant to offer proof, or take his chance with the jury upon plaintiffs' *prima facie* case. G.S. 25-33; *Lentz v. Johnson, supra.* He is permitted to show, if he can, a failure of consideration by parol evidence, for the presumption of fact

arising in favor of plaintiff upon an introduction of a sealed note is rebuttable. *Patterson v. Fuller,* 203 N.C. 788, 167 S.E. 74; *Chemical Co. v. Griffin,* 202 N.C. 812, 164 S.E. 577; *Taft v. Covington,* 199 N.C. 51, 153 S.E. 597; *Farrington v. McNeill,* 174 N.C. 420, 93 S.E. 957.

The defendant invokes as a matter of avoidance and defense the principle set forth in C.S. 2144 (1919), (now G.S. 16-3), which provides that certain transactions, including trading in cotton futures and stocks where actual delivery is not intended, are illegal and void, and C.S. 2146 (1919) which provided that when the defendant in any action pending should allege specifically in his verified answer that plaintiff's cause of action was founded upon a contract made void by C.S. 2144, the burden of proof should be upon the plaintiff to show by proper evidence that the contract sued upon is a lawful contract. The defendant contends that the note sued upon arose out of transactions condemned by C.S. 2144 and that his verified answer setting up that fact has the effect of putting on the plaintiffs the duty of proving the validity of the transaction upon which the note is based. There would be force in this argument, except for the fact that C.S. 2146, the statute relied upon, was repealed by Chapter 236, Public Laws of 1931, and the further fact that the note sued upon is a contract executed and delivered on 1 January, 1941, more than nine years after the repeal of said statute.

Defendant cites and relies upon *Fenner v. Tucker,* 213 N.C. 419, 196 S.E. 357, to support the position taken by him in this particular respect, but he apparently overlooks the fact that the contract sued upon in the *Fenner case* antedated the repeal of the statute. This distinction is clearly pointed out in the *Fenner case* and again in *Cody v. Hovey,* 216 N.C. 391, 5 S.E. 2d 165.

It will be noted that the defendant makes no averment of any gambling or stock market transactions between himself and plaintiffs' testator after December, 1929, nor does he make the assertion that the note upon which this suit is based is a renewal of any prior note. He does, however, admit the execution and delivery of the very contract upon which this suit is prosecuted, which contract postdates Chapter 236, Public Laws of 1931. Hence, plaintiffs' suit is completely relieved of the burden formerly imposed under C.S. 2146.

The language "as per our agreement" appearing in the note is merely "a statement of the transaction which gives rise to the instrument" and in nowise affects the validity of the note. G.S. 25-9.

It is clear from the prevailing principles of law applicable to the facts here presented that the pleadings and plaintiffs' evidence make out a *prima facie* case sufficient to repel defendant's demurrer to the evidence and withstand his motion for judgment as of nonsuit.

The judgment of the court below is
Reversed.

DEVIN, C. J., took no part in the consideration or decision of this case.