JAMES H. JACKSON, ADMINISTRATOR OF THE ESTATE OF JUDITH LANE JACKSON, DECEASED, v. MOUNTAIN SANITARIUM AND ASHEVILLE AGRICULTURE SCHOOL, A CORPORATION; DR. T. H. JOYNER, AND EDGAR A. HANSON.

(Filed 12 February, 1952.)

PETITION by defendant Dr. T. H. Joyner to rehear this cause, which is reported in 234 N.C. 222, 67 S.E. 2d 57.

*Harkins, Van Winkle, Walton & Buck for petitioner.*

WINBORNE and ERVIN, JJ. There is sufficient evidence in the record to repel the motion to nonsuit, and the error in the charge on the burden of proof supports the order for a new trial. This being true, any inadvertence in the original opinion in applying what petitioner asserts is the prevailing rule in respect to the exceptive assignment of error directed to the exclusion of the autopsy report is insufficient to warrant a reconsideration of defendant's appeal.

Petition denied.

---

## KREEGER v. DRUMMOND.

(Filed 27 March, 1952.)

PETITION by plaintiffs to rehear this case as reported, *ante*, p. 8.

The Justices to whom the petition was referred filed the following memorandum in passing upon the petition:

*Buford T. Henderson for petitioners.*

DEVIN, C. J., and BARNHILL, J., considering the petition to rehear.

Consideration of the petition to rehear in connection with the opinion of this Court heretofore filed leads to the conclusion that the petition should be denied. It is not made to appear that any material fact or authority was overlooked. The opinion properly interpreted declares that the resolution adopted 18 July, 1950, by the Board of Education of Forsyth County, discontinuing the Old Richmond High School and transferring the high school students now residing in the Old Richmond District, was not in accord with the statute and is therefore void. But to the end that the Board might be free to proceed to remedy the alleged situation now existing in the Old Richmond District in respect to said high school, in the manner provided by statute and in accord with the opinion, the dissolution of the restraining order was affirmed. The result is that the defendant Board must abandon the action heretofore taken, but may proceed, if so advised, under the statute and in accord with the opinion, unfettered by the restraining order issued.

Petition denied.